UNITED STATES of America,
Appellee,

v.

William Grayson FISCHER, Defendant-Appellant.

Nos. 482, 483, Dockets 30716, 30717.

United States Court of Appeals
Second Circuit.

Argued June 9, 1967.

Decided July 24, 1967.

David Boies, New York City, for defendant-appellant.

Jerome C. Ditore, Brooklyn, N. Y., (Joseph P. Hoey, U. S. Atty., E. D. of

New York, and Herbert J. Tamres, Asst. U. S. Atty., on the brief), for appellee.

Before MOORE, FRIENDLY and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge.

The appellant, William Grayson Fischer, and one Loren Allen May were jointly indicted in the United States District Court for the Eastern District of New York in seven counts for interstate transportation of forged checks, in violation of 18 U.S.C. § 2314. Both defendants pleaded guilty to Count 7 and the remaining counts were dismissed. Fischer was also indicted in one count in the United States District Court for the District of New Jersey on February 26, 1964, for a similar offense and that case was transferred, under Rule 20, F.R.Crim.P., to the Eastern District of New York where he pleaded guilty to that charge as well. Both defendants appeared at the same time before Judge Rayfiel for sentencing on May 14, 1964, and both were represented by the same court-appointed counsel. May received a sentence of 3½ years on the single charge to which he had pleaded, and Fischer received sentences of 4½ years on each of the Eastern District and New Jersey charges, which were ordered to be served concurrently. Fischer did not take an appeal from the judgments and sentences imposed, but after serving a portion of them, he made a motion on October 27, 1964 to the sentencing court under 28 U.S.C. § 2255 for an order vacating his sentences, chiefly on the ground that he had not been provided with "effective counsel." The court appointed what the judge described as "experienced and capable" counsel to represent the petitioner, who was produced in court and testified at the hearing on his motion. After hearing him and the other witnesses produced, the court concluded that the petitioner had been adequately represented and denied the motion on

December 1, 1964. Fischer then appealed from the court's ruling and, thereafter, while the appeal was still pending, he moved again on July 26, 1965 for the reopening of the sentences on the same grounds as those set forth in the first petition but alleged five additional grounds, one of which was that the sentences imposed upon him were inequitable because they were greater by one year than that imposed upon his co-defendant, May, a circumstance which Fischer attributed to the court's mistaken belief that he, Fischer, was more culpable than May.[1] Fischer further argued that all of this deprived him of his constitutional rights of due process, assistance of counsel and, in effect, his right to confrontation of witnesses. The court refused to consider Fischer's second petition because the appeal from the first petition was still pending. The petitioner thereupon moved in this court on August 26, 1965 to withdraw the appeal, and this court granted the motion, with prejudice, on the same day. Thereafter the district court reviewed petitioner's assertions in the light of the testimony heard on the first petition and other evidential material and denied the petitioner's second motion on September 21, 1965. It is apparent from the whole record that the petitioner based his claim of the inequitable disparity of sentences upon the fact that he had not been afforded an opportunity to rebut what he said were erroneous statements about him in the probation report which allegedly misled the judge into thinking that he, Fischer, was the more culpable of the two accused. This issue had been covered in the hearing on the first petition; and when the question was there raised, particularly with regard to the recitation of Fischer's past criminal record, the judge turned over the probation report to defense counsel for his examination. After receiving it, however, no further claim was made by the

---

1. Throughout all of these proceedings the petitioner appears entirely oblivious to the fact that he was presented and sentenced on both the Eastern District and New Jersey charges while May was only charged with the Eastern District offense and was sentenced for that alone.

defense with regard to it; and no appeal was taken from the court's denial of the second petition.

On June 6, 1966, Fischer filed his third petition which is, in effect, an enlargement of that portion of the second petition asserting the invalidity of the sentences because greater sentences were imposed upon the petitioner than that imposed upon his co-defendant May. He has also reiterated the claim that he was inadequately represented by counsel at the time he was sentenced, largely because he had to share the same counsel with his co-defendant May. The appellant argues again that the disparity of sentences was brought about by the judge's reliance upon the probation officer's presentence investigative report which contained false information about the appellant, and that, because the contents of the report was not disclosed to him or his counsel at the time he was sentenced, he was deprived of the right of confrontation guaranteed by the Sixth Amendment to the Federal Constitution. On July 13, 1966, Judge Rayfiel ordered the third petition dismissed as frivolous. We affirm.

█ In substance the third petition had already been presented in the second petition, which had been adjudicated and from which no appeal had been taken. It raised the same issue with respect to the same circumstances and called for the same relief. Section 2255 expressly provides, "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." The third petition was, therefore, subject to dismissal and the issues it raised were *res adjudicata.*

█ Moreover, even if the appellant's third petition had presented, for the first time, the questions which it sought to raise, he would still not be entitled to the relief demanded. While the amount of sentence imposed upon a convicted defendant is, needless to say, a matter of great concern to him and there is a certain amount of persuasiveness to his argument that the criminal courts should follow a policy of revealing to him information which the probation report contains which has been gleaned from outside sources and which militates against him in the fixing of the sentence which he must serve, it does not follow that in not doing so the court deprived him of his Sixth Amendment right of confrontation, because weighty countervailing policies have led the Supreme Court to hold that the constitutional guaranty of that right has no application at the sentencing stage of a criminal prosecution. See Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967); Williams v. State of Oklahoma, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed. 2d 516 (1959); Williams v. People of State of New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). As stated by Mr. Justice Black in Williams v. People of State of New York, supra, those policies require that the sentencing judge be free to consider information which would be unobtainable if he were limited only to considering representations made in open court and subject to cross-examination and rebuttal. Obviously, if the court could not protect the sources of its information, those sources would dry up.

The appellant further contends that, even if the Sixth Amendment does not entitle him to be confronted with the sources of the statements against him for purposes of cross-examination, he should have the right, as a part of due process, to be informed of the contents of the presentence report for purposes of rebuttal; but this presupposes that the right to rebut and explain information considered by the court in sentencing stems from a constitutional source, a contention which the Supreme Court explicitly rejected in Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).[2]

---

2. The Court made clear, however, in Williams v. People of State of New York, 337 U.S. 241 (1949) at p. 252, n. 18, 69 S.Ct. 1079, 93 L.Ed. 1337, that the sentencing

█ When defects in the sentencing process are not of constitutional magnitude, a motion under § 2255 may not serve as a substitute for appeal except in "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Hill v. United States, supra, at 428, 82 S.Ct. at 471, quoting from Bowen v. Johnson, 306 U.S. 19, 27, 59 S.Ct. 442, 83 L.Ed. 455 (1939). See also Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). Here the sentence imposed did not violate the Constitution or laws of the United States, the court imposing it clearly had jurisdiction, and the sentence did not exceed the maximum authorized by the statute, so that petitioner's right to invoke § 2255 has to come within the phrase, "otherwise open to collateral attack"; but this requires either that the error "was not correctible on appeal" or that "there were exceptional circumstances excusing the failure to appeal." United States v. Sobell, 314 F.2d 314 (2 Cir.), cert. denied 374 U.S. 857, 83 S.Ct. 1906, 10 L.Ed.2d 1077 (1963); Kyle v. United States, 266 F.2d 670, 672–673 (2 Cir.), cert. denied 361 U.S. 870, 80 S.Ct. 131, 4 L.Ed.2d 109 (1959); United States v. Angelet, 255 F.2d 383 (2 Cir. 1958). No such circumstances are present in this case.

█ The appellant also argues that regardless of the constitutional aspects of the matter, this court should provide, under its power to supervise the administration of the criminal law within the circuit, Thomas v. United States, 368 F.2d 941, 947 and cases cited in n. 13 (5 Cir. 1966), that all information relating to the crime be disclosed in guilty plea cases. Such a provision would, in effect, place destructive limitations upon the permissive authority of the trial judge, provided by the recently revised Rule 32(c), F.R.Crim.P., effective July 1, 1966 which now, in pertinent part, reads as follows:

"* * * The court before imposing sentence may disclose to the defendant or his counsel all or part of the material contained in the report of the presentence investigation and afford an opportunity to the defendant or his counsel to comment thereon. * * *"

383 U.S. 1108. The recent history of this amended version shows that the points argued by the appellant were all considered and deliberated upon as a prelude to the adoption of the present revision. See, The Advisory Committee on Criminal Rules, proposed amendments and notes, 31 F.R.D. 686 (1962); 34 F.R.D. 437–438 (1964). Rezneck, The New Federal Rules of Criminal Procedure, 54 Geo.L.J. 1276, 1307–1308 (1966); Judicial Conference Committee on the Administration of the Probation System, Judicial Opinion of Proposed Change in Rule 32(c) of the Federal Rules of Criminal Procedure—A Survey (1964).

█ The foregoing discussion, however, should not be construed to imply that the authority granted the sentencing judge in the amended Rule 32(c) to disclose material in the presentence investigation report and to give the defendant or his counsel an opportunity to comment on it should be exercised conservatively and in a niggardly fashion. On the contrary, the administration of justice would be improved by a liberal and generous use of the power to disclose. The main consideration against full disclosure is the prospect that the revelation of certain material given the probation officer in confidence, would

process is not immune from scrutiny. The Court found a lack of due process in Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) where the sentencing judge had been furnished incorrect information in or had misread the record of prior convictions, to the prejudice of the accused, who was not represented by counsel. In Thomas v. United States, 368 F.2d 941 (5 Cir. 1966) the sentencing judge was reversed because he imposed a heavier penalty on the ground that the defendant refused to acknowledge his guilt. Also in United States v. Wiley, 278 F.2d 500, 504 (7 Cir. 1960) error was found in the sentencing process because the judge imposed a harsher sentence on Wiley on account of his insistence on a trial after his co-defendants had pleaded guilty.

result in the destruction of the sources of such material and its availability—a consequence which would be highly prejudicial to the difficult task of imposing a proper sentence. But where the material in no wise relates to such a confidential declaration, there would appear to be little reason not to disclose what has been reported to the sentencing judge. This is a matter, however, which must rest in his sound discretion.

With regard to the present petition the trial court, as stated above, had ample ground for dismissing it, and the order is affirmed.