**Charles Dallas BAKER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 11241.**

United States Court of Appeals Fourth Circuit.

Argued May 29, 1967.

Decided Jan. 8, 1968.

John J. Kirby, Jr., Charlottesville, Va. (Court-assigned counsel), for appellant.

Terrell L. Glenn, U. S. Atty. (Marvin L. Smith, Asst. U. S. Atty., on brief), for appellee.

Before BOREMAN, BRYAN and WINTER, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge:

A motion in 1966 under 28 U.S.C. § 2255 to vacate Charles Dallas Baker's sentence of 14 years imprisonment on his plea of guilty in the District Court in 1963, to armed bank robbery, was denied and he appeals.

■ His 1966 attack was premised on the trial court's refusal to order disclosure before sentence of the contents of the probation officer's presentence report. The contention was that the report was misleading with respect to Baker's prior behavior, the mistake accounting for a more severe punishment than would have been ordered had the report been accurate. Notwithstanding the obvious care of the sentencing judge in ascertaining condign punishment, we feel the judgment should be vacated to permit Baker, if he can, to erase any such error.

The attack began with the statement of the Court at sentencing:

"They [Baker and a codefendant] have entered pleas of guilty. However, I can't overlook the seriousness of their previous records.

"Now one—and I just as well be specific—Baker, has been successful through his father's assistance in never having to do any time. There were serious charges and they were withdrawn simply because his daddy paid it off, which is commendable so far

as his father is concerned, but I am afraid it ruined the boy. If he had let him do some time back then, probably he wouldn't be here today."

Following his commitment, Baker wrote the judge asserting his innocence of any earlier wrongdoing and denying that anyone had paid anything in order to save him from criminal prosecution. Later, on his behalf an attorney procured partial access to the presentence report, and referring to a list of six criminal charges against him, said to be included in the report, asked Baker for an explanation of each. One of them in substance was that he had been accused of cheating and swindling in 1959[1] in Georgia, and $27,000.00 had been advanced by members of his family over a period of five years to avoid his prosecution. Affidavits were filed with the Court in refutation of this charge and any such repayment. All of this data was tendered to the District Court in support of the § 2255 motion.

Declaring that neither he nor the author of the report had accused Baker of convictions, but only criminal charges and arrests, and that as a matter of law he was under no duty to disclose any portion of the report to Baker, the District Judge denied the motion. Baker asserts, however, that his fear was that the Court thought he would have been convicted but for the aid of family members which he and they now deny.

Although the motion is based upon several alleged mistakes in so much of the report as came to his knowledge, essentially it raises the question of a defendant's right to know before sentence the contents of a report prepared pursuant to F.R.Crim.P. 32(c) (2), which reads as follows:

"(2) Report. The report of the presentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condi-

---

1. The date in the report, which the District Judge transmitted here under seal, is actually 1948 and the charge was larceny

after trust. The error in the version obtained by the attorney is unexplained.

tion and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the court. The court before imposing sentence *may* disclose to the defendant or his counsel *all or part* of the material contained in the report of the presentence investigation and afford an opportunity to the defendant or his counsel to comment thereon. Any material disclosed to the defendant or his counsel shall also be disclosed to the attorney for the government." (Accent added.)

By its terms, the rule is permissive as to whether the court discloses *all* or *part* of the material contained in the report of presentence investigation. We are mindful that in the district courts in this Circuit there is wide variation in the practice concerning disclosure. In one district disclosure of all is the rule, withholding of part the exception. In other districts, including at least one where disclosure of the report has resulted in improper pressures being visited on confidential informants, with the consequent risk that limitation of the sources of information and effectiveness of the report will ensue, the practice is to treat the pre-sentence report as a confidential document solely for consideration by the court.

It is not now our intention to formulate a prescription of all that should be disclosed to the accused. We outline only the minimum disclosure required under the particular facts of this case and without which there would be an abuse of discretion. Of course, the extent of a fair disclosure may be greater in other circumstances.

■ Fixed practices aside, we must observe that there is no obligation upon the Court to divulge, or any right in the defendant to see, the *entire* report at any time. See Williams v. State of Oklahoma, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959); Williams v. People of State of New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); F.R.Crim.P. 32

(c) (2), supra. Indeed, there could be danger in delivering it to the defendant or his attorney for scrutiny. It could defeat the object of the report—to acquaint the court with the defendant's background as a sentencing guide—by drying up the source of such information. See United States v. Fischer, 381 F.2d 509 (2 Cir. July 24, 1967). To illustrate, the probation officer could be deprived of the confidence of trustworthy and logical informants—persons close to the accused—if they knew they could be confronted by the defendant with their statements. The investigation would then amount to no more than a repetition of the public records—so limited a function as to obviate the need of a probation officer.

■ Admittedly there are items in the report of which the defendant is rightfully entitled to be advised. The sentencing court should apprise him, orally from the bench, of at least such pivotal matters of public record as the convictions and charges of crime, with date and place, attributed to him in the report. As this may be done without handing the defendant or counsel the report, the procedure could not lead to a destruction of the probation officer's sources of information.

The defendant should then be given an opportunity to refute or explain any record disparagement of his earlier deportment. Indeed, this is vital in any consideration of the report. In Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) the pronouncement of sentence on information extensively and materially false, where a defendant is not afforded an opportunity to correct or controvert the erroneous basis of punishment, was held to render the proceedings lacking in due process. Of course, if the adequacy of the disclosure is doubted, an appeal on the question can be accomplished by sealing the report and certifying it as a part of the record, to be revealed only to the appeals court. Afterwards, re-sealed it would be returned to the trial judge for his confidential custody.

No conviction or criminal charge should be included in the report, or considered by the court, unless referable to an official record. Of course, the defendant's general conduct and behavior, as well as his reputation in the community in regard to honesty, rectitude and fulfillment of his civic and domestic responsibilities, may be treated in the report. Whether any of such commentary should be released will remain in the discretion of the District Judge. Names of informants, as well as intimate observations readily traceable by the defendant, ordinarily should be withheld lest, to repeat, disclosure cut off the investigator from access to knowledge highly valuable to the sentencing court. It is to be expected of the judge, however, that he winnow substance from gossip.

It is Baker's contention that Townsend v. Burke, supra, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) and Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966) compel disclosure of the report here. *Townsend* found due process lacking when the sentencing judge plainly relied upon a materially false compilation of the criminal record of a defendant, while he was without counsel who would have been bound to challenge the error. In *Kent,* the Court vacated an order by the Juvenile Court of the District of Columbia waiving jurisdiction of a minor, so as to permit criminal trial of him as an adult. The judge there had acted upon a staff-compiled case history of the defendant without permitting his counsel to see it. The duty imposed upon counsel by *Townsend,* Baker urges, cannot be met without the full disclosure compelled under the somewhat analogous circumstances of *Kent.*

We do not agree, but our conclusion does no violence to *Townsend* or *Kent.* The misinformation before the court in the former was exactly what we presently find must be disclosed. *Kent* is distinguishable on several grounds. The accused's history was a persuasive factor in determining whether he should be exposed to the jeopardy of the far graver penalty imposable upon him if criminally tried and convicted as an adult, than could be inflicted for the same misconduct if civilly tried and adjudged at fault in the Juvenile Court. Thus, the history was evidence on the justification for subjecting him to a criminal trial at all. As it went to the jurisdiction of the criminal court, the evidence could not be withheld. Moreover, the District of Columbia Code § 11–1586, directed that the *Kent* file "shall be made available * * * to such persons * * * as have a legitimate interest in the protection * * * of the child * * *." In contrast, Rule 32(c), (2), supra, pertinent here is permissive and not mandatory in providing for the release of the report's contents.

Our decision does not imply disagreement with the degree of Baker's punishment; we merely ask the District Judge to review the first sentence and pass sentence again in the light of whatever proof Baker may adduce of his past deportment.

Vacated and remanded.

WINTER, Circuit Judge (concurring):

I concur fully in the Court's disposition of this case: Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), clearly requires that result. Notwithstanding its disavowal of an intention to formulate a prescription of all that should be disclosed to the accused, I am fearful that, by its repeated emphasis that Rule 32(c) is discretionary in form and repeated reference to the dangers of full disclosure, the opinion may be read as discouraging disclosure of the contents of a presentence report except as minimum due process otherwise requires. That this should be our approach, I strongly disagree.

I think that a presentence report should be fully disclosed to a defendant, through his counsel, or to the defendant, himself, if he is unrepresented, prior to sentencing, except for the confidential recommendation of the probation officer to the sentencing judge and except where there is tangible good cause to withhold exhibition of a portion of the report. As to

the latter, I would place the burden on the district judge to make a part of the record the fact that a portion of the report has been withheld and the reason for his action. If Townsend v. Burke, supra, and Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), do not constitutionally require this result,[1] a question on which I express no opinion, I nevertheless, would accomplish the same result by the exercise of our supervisory power over the district courts of this Circuit to regulate the manner and spirit in which the district judges' presently held discretionary authority to disclose should be exercised.

Legal literature is replete with a debate over the pros and cons of disclosure and non-disclosure, but we need look no further than the District of Maryland in determining how district judges should be guided.[2] In the District of Maryland, disclosure of presentence reports, in accordance with my views, has been the practice for over ten years. The experience of Maryland belies the fears that, as general propositions, sources of confidential information dry up, probation officers are deprived of trustworthy and logical informants, and the object of the report is defeated, if the contents of reports are disclosed. Of course, these dangers may be present in a *particular* case if full disclosure is made, but the decision to disclose or withhold ought to be made in that case *on the basis of the facts peculiar to it* and not on the basis of general propositions which may have no valid application in the particular context.

In short, even if it is recognized that district judges validly have a discretionary authority to withhold portions of a presentence report, we should follow the lead supplied by United States v. Fischer, 381 F.2d 509 (2 Cir. 1967), a case cited in the majority opinion, where it is said in regard to a discussion of the discretionary aspects of Rule 32(c), Fed.R. Crim.P.:

> "The foregoing discussion, however, should not be construed to imply that the authority granted the sentencing judge in the amended Rule 32(c) to disclose material in the presentence investigation report and to give the defendant or his counsel an opportunity to comment on it should be exercised conservatively and in a niggardly fashion. On the contrary, *the administration of justice would be improved by a liberal and generous use of the power to disclose.*" (Emphasis supplied.)

This is the spirit in which the discretion to disclose should be exercised.

---

1. Townsend v. Burke, supra, held that due process was denied where sentence was pronounced on a foundation extensively and materially false when the defendant had no opportunity to correct the misinformation; and Kent v. United States, supra, held that due process required that access must be afforded to counsel to certain records which a juvenile court considered in making its decision to waive jurisdiction. It may be argued that these decisions are inconsistent with the implications of Williams v. State of Oklahoma, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed. 2d 516 (1959), and Williams v. People of State of New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), that a sentencing judge may rely on confidential information from out-of-court sources. How can a due process guarantee against a sentence predicated on misinformation be viable, and not rendered meaningless, if the defendant has no way of determining that the sentencing judge was misadvised?

2. The majority opinion states that within the districts of this Circuit "[I]n one district disclosure of all is the rule, withholding of part the exception." That district is Maryland. See, Thomsen, Confidentiality of the Presentence Report, Federal Probation Journal, March, 1964. The majority opinion does not expressly condemn the Maryland practice, but *four times* it adverts to the dangers of disclosure. A Maryland district judge may well conclude that the Court suggests to him that the Maryland practice is deserving of reexamination; a district judge in another district, within this Circuit or elsewhere, may well conclude that the Court suggests to him that the Maryland practice is unworthy of imitation. I disassociate myself from any such implications.