**UNITED STATES of America,**
**Appellee,**

v.

**George Charles PERCHALLA and Jesse**
**Arron Brooks, Appellants.**

**No. 12494.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 7, 1969.

Decided Feb. 28, 1969.

Philip G. Carson, Asheville, N. C. (J. M. Baley, Jr., Asheville, N. C., Court-appointed counsel, and McGuire, Baley & Wood, Asheville, N. C., on brief), for appellants.

Wm. Medford, U. S. Atty., for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

Defendants, both convicted of transporting a stolen automobile in interstate commerce knowing that the same was stolen in violation of 18 U.S.C.A. § 2312,

appeal. Perchalla, who was convicted on his plea of guilty was sentenced to a term of three years. Brooks was proceeded against as a juvenile delinquent, pursuant to 18 U.S.C.A. §§ 5031, 5032, and, on his plea of guilty, was committed to the National Training School until his twenty-first birthday, a period less than three years from the date of commitment. We find no merit in any of the three contentions as to why the commitments should not stand, and we affirm.

- I -

■■ Both defendants claim error in the district judge's refusing a continuance of their trial date. They claim that trial counsel[1] lacked an adequate opportunity to interview Brooks, because on his only meeting with Brooks, which occurred ten days before trial, Brooks had an epileptic seizure and the interview was abruptly terminated. The district judge offered to grant a continuance of one day, which was refused, but he declined to continue the cases for six months until the next term of court.

There is no claim that counsel lacked an adequate opportunity to interview Perchalla, and the record discloses two conferences with him prior to trial. No explanation is offered why a conference between counsel and Brooks during the ten-day period between their abortive interview and trial was neither feasible nor held. More importantly, no suggestion is made how defendants, or either of them, were in any way prejudiced by the failure of counsel to confer more extensively with Brooks. Counsel on appeal were unable to represent, even in retrospect, any defenses, facts in mitigation or essential witnesses which were not presented to the trial court as a result of Brooks' alleged inadequate interview.

"The granting of a continuance was a matter resting in the sound discretion of the trial judge * * *." Franken v. United States, 248 F.2d 789, 790 (4

Cir. 1957). On this record we find no abuse of discretion.

- II -

■ Defendants' claim that their guilty pleas were not voluntarily given is equally lacking in substance. Both assert that they pleaded guilty because Brooks believed he would be placed on probation and Perchalla that he would be allowed to enter the military service.

Brooks alleges no basis for his belief—the representation of the prosecutor, his attorney or the Court—and the record discloses none. Perchalla's belief was based entirely on certain correspondence between a probation officer, various assistant United States Attorneys and defense counsel. Although not part of the record, this correspondence was read to us during argument. Factually it falls short of any representation that Perchalla would be given the opportunity to enter military service; at most, it merely acknowledged that this was a sentencing possibility.

- III -

■ Lastly, defendants complain that no opportunity was given to them to refute or rebut the presentence report or the district judge's extraneous remarks on the current status of America and its youth. As to the latter, we concede the remarks to be extraneous and inappropriate. They do not appear relevant to the proceedings; but, in the context in which they were delivered, we do not think that prejudice to defendants has been established.

■■ As to the former, the district judge summarized much of the essential data contained in the reports in open court. Although he provided no specific opportunity for correction, his statements were neither controverted then nor before us. For all that the record shows, there was nothing to refute or rebut. Had the district judge been generous in disclosing the contents of the

---

[1]. At trial both defendants were represented by a single attorney who was other than counsel appointed by us to represent them on appeal.

**823**

presentence reports sufficiently in advance of sentencing to afford counsel a decent interval to ascertain the truth of the statements contained therein and to provide an opportunity to refute them, this contention would have been obviated. See, Rule 32(c) (2), Fed.R.Crim.Pro. and note of Advisory Committee on Rules 18 U.S.C.A. following Rule 32 (1969 Supp.). If in fact the district judge sentenced on the basis of erroneous substantial data, the matter may subsequently be raised in a proceeding under 28 U.S.C.A. § 2255. Baker v. United States, 388 F.2d 931 (4 Cir. 1968).

Affirmed.