**UNITED STATES of America,
Appellee,
v.
William Frank CARDEN, Appellant.
No. 20026.**

United States Court of Appeals,
Eighth Circuit.

June 30, 1970.

William F. Wright, Lincoln, Neb., for appellant.

Duane L. Nelson, Asst. U. S. Atty., Omaha, Neb., for appellee; Richard A. Dier, U. S. Atty., on the brief.

Before VAN OOSTERHOUT, Chief Judge, and MEHAFFY and LAY, Circuit Judges.

LAY, Circuit Judge.

On September 26, 1969, defendant pleaded guilty to knowingly transporting a stolen vehicle in interstate commerce in violation of 18 U.S.C.A. § 2312. The district court, the Honorable Robert Van Pelt, deferred sentencing until a presentence report had been obtained. The court, thereafter, committed the defendant under the Federal Youth Corrections Act to the custody of the Attorney General of the United States. 18 U.S.C.A. § 5010(b). Defendant's appointed counsel moved for a copy of the presentence report and requested that the sentence be reduced and that defendant be placed upon probation. After a full hearing, both motions were overruled and defendant filed an appeal alleging (1) that his sentence constituted a denial of due process, since it was based upon false and misleading information contained in the presentence report and (2) that the denial by the trial court of defendant's

request for the presentence report violated the defendant's rights of confrontation, effective assistance of counsel and due process of law. We affirm the judgment below.

A sentence hearing was held on October 27, 1969, at which time probation was denied. Thereafter defendant moved for reduction of the sentence and production of the presentence report on the grounds that the report contained false and misleading information. The court granted another hearing. On November 12, 1969, at the second hearing, the court denied both of the defendant's motions.

In refusing to turn over the presentence report, the court relied upon the permissive language of Fed.R.Crim.P. 32(c) (2) which reads as follows:

"Report. The report of the presentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the court. The court before imposing sentence *may* disclose to the defendant or his counsel all or part of the material contained in the report of the presentence investigation and afford an opportunity to the defendant or his counsel to comment thereon. Any material disclosed to the defendant or his counsel shall also be disclosed to the attorney for the government." [1] (Emphasis ours.)

 When a sentence is based in part upon a false record contained in the presentence report, there may well exist a violation of due process in the sentencing procedure. Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). Counsel for defendant argues that *Townsend* requires compulsory disclosure of the presentence report. The reasoning is that a defendant or his counsel cannot know whether the report is misleading or false unless there is full or at least partial disclosure. See Judge Winter's excellent analysis of this question in his concurring opinion in Baker v. United States, 388 F.2d at 934. The most significant counter-argument to production of the report is that full disclosure will dry up sources of information. Baker v. United States, supra.[2] We need not engage in this debate here, however, since we are satisfied that Judge Van Pelt did not abuse his discretion under Fed.R.Crim.P. 32(c) (2). Although we agree with defendant's observation that a rule, even though transmitted by the Supreme Court, does not enjoy full immunity from constitutional attack, we perceive no constitutional violation in the permissive language of this rule. There exists no constitutional infirmity in a rule which reposes confidence in the deliberate judgment of the district court in conducting the sentence procedure. Cf. Good v. United States, 410 F.2d 1217 (5 Cir. 1969). Full disclosure of the presentence report in many instances could in fact violate confidential sources and possibly jeopardize rehabilitation of a defendant. Furthermore, such disclosures may very well be remote to judicial guidance in sentencing and be irrelevant to the factual basis of the sentence. These factors must be carefully weighed by a district judge under Rule 32(c).

1. The disclosure of presentence reports has been a subject of much discussion and debate. See the complete discussion in the American Bar Association's Standards Relating to Sentencing Alternatives and Procedures, § 4.4 and commentary, pp. 213–225. See also United States v. Perchalla, 407 F.2d 821 (4 Cir. 1969); Verdugo v. United States, 402 F.2d 599, 608–612 (9 Cir. 1968); Baker v. United States, 388 F.2d 931 (4 Cir. 1968); Note, Procedural Due Process at Judicial Sentencing For Felony, 81 Harv.L.Rev. 821 (1968).

2. The American Bar Association Committee has set forth this argument and its reasons for rejecting it. See Standards Relating to Sentencing Alternatives and Procedures, supra at 216 et seq.

We acknowledge on the other hand that the Advisory Committee, in recommending Rule 32(c), did not contemplate an absolute rule of nondisclosure without relevancy to the particular circumstance of a case. In fact the Advisory Committee observed in part:

> "It is hoped that courts will make increasing use of their discretion to disclose so that defendants generally may be given full opportunity to rebut or explain facts in presentence reports which will be material factors in determining sentences." (Emphasis ours.) Notes of Advisory Committee on Rules, Fed.R.Crim.P. 32(c) (2) (18 U.S.C.A.Supp.1970.)

See United States v. Fischer, 381 F.2d 509 (2 Cir. 1967).

 It is always advisable for the trial judge to at least state on the record the various factors he has taken into consideration in rendering his sentence. The court may advise counsel of these factors without necessarily disclosing the sources of the information to him. Such a procedure serves as a checkmate to the danger of misinformation being placed in the hands of the court. Cf. Verdugo v. United States, supra; Baker v. United States, supra. If the defendant's record, as publicly disclosed at the hearing, is incorrectly reported, defendant should have an opportunity to explain any discrepancy. If factual background is erroneous, defendant should have the opportunity to inform the court concerning the alleged misinformation.

In the instant case, the claim is made that Judge Van Pelt was misinformed by the presentence report (1) that the defendant was still using drugs,[3] (2) that the defendant had caused his two younger sisters to use drugs, (3) that defendant had stolen a car in Minnesota rather than California and (4) that defendant had not told the truth to the judge as to his reasons for taking some fishing equipment. These alleged misconceptions were said to have been apparent from the judge's statement of the factors he had considered in imposing sentence. However, it must be noted that the defendant was given an opportunity to explain each of the alleged "misunderstandings" at the second hearing. The defendant's long juvenile record was also set forth at that hearing. It was not denied or challenged by the defendant as being wrong in any detail. The court observed:

> "He says that he is not presently using drugs and that he is not responsible for his sisters being drug users, if they are. He said in interviews that he blamed himself for their condition. It was that statement upon which I relied. Whether I can rely upon his statement this morning or the previous statement is immaterial; whether he is not correct that he blamed himself for their condition is immaterial because his other record is enough * * * "

The court then concluded that probation should be denied *notwithstanding* the defendant's explanations.

Under these circumstances, we find that the facts upon which the court relied were fully disclosed to the defendant in such a manner that the defendant had an opportunity to explain away any misapprehension the court may have had. The fact that the court did not reduce the sentence does not detract from the propriety of the proceedings.

Judgment affirmed.

---

3. The court did not indicate that the report said defendant was still using drugs. Judge Van Pelt said the psychiatric report reflected that the defendant "would have to make up his mind that he was through with drugs * * * and was going to do something about it."