**UNITED STATES of America,
Appellee,**

v.

**Jacob C. KNUPP, Appellant.**

**No. 13314.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 8, 1970.

Decided Sept. 15, 1971.

Plato Cacheris, Alexandria, Va. (Barry R. Poretz, Alexandria, Va., on the brief), for appellant.

Brian P. Gettings, U. S. Atty. (C. P. Montgomery, Jr., Asst. U. S. Atty., on the brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN, BRYAN, WINTER, CRAVEN, and BUTZNER, Circuit Judges.

PER CURIAM:

■ The appellant entered a plea of *nolo contendere* before the United States District Court to the charge of filing false quarterly returns in violation of 26 U.S.C.A. § 7206(1). His case was referred to the probation officer for a presentence report. When the defendant later appeared for sentencing, his attorney sought a copy of that report, but the Court refused the request. The ensuing sentence of the Court was for two years; all except six months of this term was suspended. Appellant's sole contention of error on this appeal is that the District Court erred in withholding the presentence report from the defendant. For reasons set out below, we affirm.

This Court recently had before it in Baker v. United States, 4 Cir., 388 F.2d

931, the issue of disclosing a presentence report. The constitutional necessity for such a disclosure was there considered and dismissed. We see no reason to disturb that conclusion. Neither Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690; Greene v. McElroy, 360 U. S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377, nor Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 require that result. See United States v. Carden, 8 Cir., 428 F.2d 1116.

Rule 32(c) (2) of the Federal Rules of Criminal Procedure presently leaves the extent of disclosure to the discretion of the judge. The appellant urges this Court to exercise its supervisory powers to effectuate a more thorough disclosure practice throughout the circuit. This, however, is neither the proper case nor time for this Court to undertake a study, and attempt to weigh the values bearing upon the propriety of disclosing a presentence report.

■ At the time of sentencing there was apparent uncertainty by the judge concerning a former civil tax fraud suit involving the appellant. It is clear from the record, however, that the nature of that first suit was understood from the beginning by the sentencing judge. The appellant further contends that there might have been errors in the report, of which he is unaware, that influenced the judge adversely. This Court has reviewed the report but can find no detrimental material to which objection might have been made. There were no confidential disclosures or rehabilitative plans for which there could be a need of secrecy. There was, in fact, nothing in the report which need not have been freely disclosed to both appellant and his counsel. In such circumstances, disclosure, when requested, should be favored in order that the appearance of justice will be fostered with a resulting increase in respect for the administration of the law. Thus a swift conclusion would be reached in cases like the one at hand. Even when no copy of the report is sought, the judge might properly sum-

marize the factors upon which the sentence is based.

The identical issue urged upon this Court is currently being considered by the Judicial Conference of the United States. That body has at its disposal surveys, opinions, and advice of scope and depth which are unavailable to us. Representations made on oral argument coupled with our own personal knowledge of practices within this circuit do not approach an appropriate foundation for such a far-reaching policy decision.

We are aware of the recent proposal concerning presentence reports made by the American Bar Association. The goal of that project is laudable, but we cannot adopt their conclusion without a proper basis for our own evaluation of it. We certainly should not do it in a case in which the report contained no adverse information.

Affirmed.

WINTER, Circuit Judge (concurring specially):

I concur in the judgment of the Court for these reasons: My own examination of the presentence report and the transcript satisfies me that the significant aspects of the report were discussed or alluded to in open court at the trial and at sentencing. They were not controverted by defendant then although the opportunity existed had defendant deemed them untrue; nor is it argued to us now that they were not accurate. There is no reason to believe that the district judge misunderstood them. The remainder of the report, even if untrue, could not have been prejudicial to the defendant.

Otherwise, I persist in the views I expressed in Baker v. United States, 388 F.2d 931 (4 Cir. 1968). See also, Note, The Presentence Report: An Empirical Study Of Its Use In The Federal Criminal Process, 58 Georgetown L.J. 451, 470–475 (1970).