UNITED STATES of America,
Plaintiff-Appellee,

v.

Wesley Clyde BROWN, Defendant-
Appellant.

No. 358, Docket 72-2063.

United States Court of Appeals,
Second Circuit.

Argued Nov. 3, 1972.

Decided Dec. 6, 1972.

Michael B. Standard, New York City (Rabinowitz, Boudin & Standard, Herbert Jordan, New York City, on the brief), for defendant-appellant.

David De Petris, Asst. U. S. Atty. (Robert A. Morse, U. S. Atty., E. D. N. Y., L. Kevin Sheridan, Asst. U. S. Atty., on the brief), for plaintiff-appellee.

Before LUMBARD, FEINBERG and OAKES, Circuit Judges.

FEINBERG, Circuit Judge:

This case raises serious questions about the operation of the sentencing process as applied to Wesley Clyde Brown, a young, black teacher and writer, who refused to fight in the Vietnam War. Brown is presently serving a sentence of two and a half years in Lewisburg Federal Correctional Facility. He appeals from an order of the United States District Court for the Eastern District of New York, Walter Bruchhausen, J., refusing to disclose the contents of a pre-sentence report or to reduce his sentence further. For reasons set forth below, we remand the case to the district

court for resentencing in the light of this opinion.

Appellant applied to his local draft board in June 1967 for conscientious objector status. His response to the question whether he was opposed to war in any form reflected his belief that blacks have been an oppressed class; he replied, in effect, that he only opposed wars that perpetuated what he saw as the oppression of his people. His application was denied, apparently on the ground that opposition to particular wars did not qualify under the statute, a view later ratified by the Supreme Court in Gillette v. United States, 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168 (1971). In due course, Brown was notified to report for induction, refused to do so, and was indicted in the Eastern District for violation of 50 U.S.C. App. § 462(a). After the Supreme Court had decided Gillette, Brown entered a plea of guilty in November 1971 before Judge Bruchhausen. In January 1972, Brown was sentenced to three years in prison. Thereafter, Brown moved under Fed.R. Crim.P. 32(b) and 35 to disclose the pre-sentence report and to reduce his sentence by granting probation. The judge refused the former relief but did reduce appellant's sentence to two and one-half years. This appeal followed.

Appellant raises a number of issues regarding the manner in which his motion was handled. The most important involve the judge's refusal to disclose any portion of the contents of the pre-sentence report. The background of that ruling is as follows: In November 1971, after appellant had pleaded guilty, his counsel pointed out the nature of the conscientious objector claim and asked, in view of Brown's undoubted sincerity, that the court consider the possibility of probation, conditioned upon alternative national service. Counsel stated that he had personally known appellant for seven years and was familiar with his civil rights work in Southern states in voter registration drives. He strongly urged that neither society nor appellant would benefit from Brown's incarceration; on the contrary, strict probation while Brown did work in the national interest would benefit both. The United States Attorney stated that the Government "would have no objection to such a disposition if the Court would be mindful to give [it] . . . ." The judge stated that the Probation Office should be informed of the facts.

Sentence was imposed on January 27, 1972. Before then, we are told, letters attesting to appellant's character, sincerity and lack of criminal record were forwarded to the Probation Office. On the day of sentence, counsel for Brown in substance repeated what he had said at the time of the guilty plea. The court then imposed a sentence of three years, without comment or explanation on the record. (The judge apparently did indicate at a bench conference that this was a "sentencing panel" case and that he believed a three-year prison term was appropriate.)[1] Subsequent to the hearing, a number of extraordinary letters were sent to the judge from potential employers of Brown, from clergymen, from teachers and from others interested in his case. The letters emphasized Brown's talents, sincerity, and dedication to helping the black community. All strongly urged the inappropriateness of further incarceration. In May 1972, appellant brought the motion for disclosure of the pre-sentence report and for reduction of sentence, which was heard in June.

At the hearing, counsel reminded the judge of his prior direction that the Probation Office be made aware of defendant's background and then explained why he requested disclosure of the pre-sentence report.

> [Mr. Standard]: Now since I had not seen the pre-sentence report, it was impossible for me to determine

---

1. On the operation of the "sentencing panel" in the Eastern District, see Zavatt, Sentencing Procedure in the United States District Court for the Eastern District of New York, 41 F.R.D. 469 (1966), 54 F.R.D. 327 (1968).

whether either yourself or the panel had before it the information with regard to the defendant's background, particularly as it related to his conscientious objector application.

Now I have intentionally divided this application into two parts with the hope that your Honor would order disclosure of the pre-sentence report, and I would then ask for an adjournment on the application for reduction, which has been timely made, until I have had a chance to study the pre-sentence report.

 &#42; &#42; &#42; &#42; &#42; &#42;

. . . [A]nd I would ask your Honor to consider the disclosure order, the disclosure of the pre-sentence report so I can determine whether there has been compliance with your direction of November 9th that Probation include in its report to the Court and for the panel's information regarding the conscientious objector background of the defendant.

The following colloquy then ensued:

The Court: *Well it is not the policy of the Court to disclose pre-sentence reports—*

Mr. Standard: I wonder—

The Court: (Continuing)—*it has never been done in all my time in the courtroom that I can recall.*

Mr. Standard: I wonder, your Honor, if I may ask your Honor the reason?

 &#42; &#42; &#42; &#42; &#42; &#42;

It seems to me that in the light of the decisions in United States v. Daniels and United States v. McGee, decided quite recently, that is subsequent to the filing of the brief in this case with this Court, that the nature of the data before the Court and the panel at the time of sentencing is of substantial importance, and I am asking the Court with great respect for a statement of the reason why, particularly following incarceration, the poli-

cy in this district remains of non-disclosure of the pre-sentence report.

The Court: Well, it is just a feeling that they should [not] be disclosed and there is no compulsion to disclose it, as you know, in the rules.

Mr. Standard: I am addressing myself to the Court's discretion, and I am quite aware, and I am asking for ___

The Court: It is just a matter of judgment, that is all. [Emphasis added.]

The judge then reserved decision. The hearing was on Friday, June 2, 1972. The following Monday, the judge denied the request in a brief memorandum.[2]

■■ Appellant's chief argument on appeal is that the judge never exercised his discretion as contemplated by Fed. R.Crim.P. 32(c)(2). That Rule provides:

The report of the presentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the court. The court before imposing sentence may disclose to the defendant or his counsel all or part of the material contained in the report of the presentence investigation and afford an opportunity to the defendant or his counsel to comment thereon. Any material disclosed to the defendant or his counsel shall also be disclosed to the attorney for the government.

When the Federal Rules of Criminal Procedure were amended in 1966 to provide in the Rule just quoted that the sentencing court "may disclose" the pre-sentence report, it certainly was intended that the sentencing court exercise

---

**2.** At the same time, the judge ruled on the other branch of the motion and re-

duced appellant's sentence to two and one-half years.

its discretion in each case. See 2 C. Wright, Federal Practice and Procedure § 524, at 400 (1969).[3] It is equally clear that when a judge states, as he did here, that in effect his policy is never to disclose pre-sentence reports, that is not an exercise of discretion on an individual basis. Cf. United States v. Fields, 466 F.2d 119, 121 (2d Cir. 1972). Discretion under Rule 32(c)(2) must be exercised on a case-by-case basis, not by a blanket policy of non-disclosure.[4] See, e. g., United States v. Bryant, 143 U.S. App.D.C. 53, 442 F.2d 775, cert. denied, 402 U.S. 932, 91 S.Ct. 1534, 28 L.Ed.2d 866 (1971); United States v. Carden, 428 F.2d 1116, 1117–1118 (8th Cir. 1970); cf. United States v. Solomon, 422 F.2d 1110, 1119–1121 (7th Cir.), cert. denied, 399 U.S. 911, 90 S.Ct. 2201, 26 L.Ed.2d 565 (1970). Moreover, we have pointed out that the preferable practice, absent circumstances calling for confidentiality, is to disclose to the defendant or his counsel at least the substance of the pre-sentence report. See United States v. Virga, 426 F.2d 1320 (2d Cir. 1970), cert. denied, 402 U.S. 930, 91 S.Ct. 1530, 28 L.Ed.2d 864 (1971); United States v. Holder, 412 F.2d 212 (2d Cir. 1969); United States v. Fischer, 381 F.2d 509 (2d Cir. 1967), cert. denied, 390 U.S. 973, 88 S.Ct. 1064, 19 L.Ed.2d 1185 (1968). See also Lehrich, The Use and Disclosure of Presentence Reports in the United States, 47 F.R.D. 225 (1969). In the case last cited we said that "the administration of justice would be improved by a liberal and generous use of the power to disclose." 381 F.2d at 512.

We view with dismay the statement five years later of a district judge in this circuit that "it has never been done in all my time in the courtroom. . . ."[5]

■ This is a clear case for advising defendant or his counsel if anything in the pre-sentence report justifies, in the mind of the judge, the harsh sentence and, if so, for affording an opportunity to answer or explain. Cf. United States v. Malcolm, 432 F.2d 809, 815–819 (2d Cir. 1970). And it may well be that there is no good reason for not turning over the pre-sentence report in its entirety. Perhaps the sentence was a result of what appellant's counsel charged below was "a uniform sentencing policy in non-Jehovah Witness Selective Service conscientious objector cases." If so, grave questions of fairness may be raised by a refusal even to consider for this defendant (who, though not technically a conscientious objector, is apparently refusing induction on moral grounds) the sensible alternative of probationary national service, which appellant claims is afforded Jehovah's Witnesses in the Eastern District. See Meyers v. United States, 446 F.2d 37, 39 (2d Cir. 1971); United States v. McCord, 466 F.2d 17, 21–24 (2d Cir. 1972) (dissenting opinion). In any event, because it is apparent that the district judge never actually exercised his discretion on pre-sentence report disclosure in this case, we remand for reconsideration and resentencing. Since the judge has twice ruled upon defendant's sentence and twice used improper sentencing procedures, we think it best that further proceedings be assigned to a dif-

3. It is quite clear from the history of the Rule that the amendment was intended to encourage such disclosures. See 8A Moore's Federal Practice ¶ 32.03 [4], at 32–35 (2d ed. 1965); 2 C. Wright, Federal Practice and Procedure § 524, at 397–400 (1969).

4. Appellant argues that the judge mistakenly believed there was a uniform policy of non-disclosure in the Eastern District of New York. We construe the judge's remarks as referring only to his own policy. If there were such a uni-

form district practice—and we have no reason to believe that there is—it would be an even more egregious violation of the spirit of the Rule.

5. Under the most recent proposal of the Advisory Committee on Criminal Rules, the requirement of some form of disclosure, with proper safeguard for protecting confidential sources, is made mandatory. See Proposed Amendments to Criminal Rules, 52 F.R.D. 409, 452 (1971); Moore, supra, ¶ 32.03 [4], at 32–39 & n. 32.21; cf. 21 U.S.C. § 849(b).

ferent judge. See United States v. Picard, 464 F.2d 215 (1st Cir. 1972); Mawson v. United States, 463 F.2d 29 (1st Cir. 1972) (per curiam) ; cf. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (trial judge received prosecutor's sentence recommendation in violation of plea bargain; court remands and notes that if defendant is not permitted to withdraw guilty plea, new sentencing judge is necessary).

    Relying upon several decisions of other circuits,[6] appellant also asks us to reconsider our decision in United States v. Fischer, *supra*, and to hold that disclosure of at least part of the pre-sentence report is constitutionally required. In view of our disposition of this appeal, it is unnecessary to reach that issue. Appellant makes two further arguments, based upon the use in the Eastern District of "sentencing panels."[7] He claims that the district court erred in deciding the motion for reduction of sentence without first submitting the newly offered data to the other members of the panel who allegedly participated in the imposition of the original sentence and that by unilaterally reviewing the original sentence the district judge violated Fed.R.Crim.P. 32(a)(1), because the sentencing panel never heard counsel's statement at sentencing. These arguments fail because of the nature of the Eastern District's sentencing procedure. Although the two judges who join the sentencing judge on the panel undoubtedly have some influence on the ultimate sentence, their function is purely advisory. See *Zavatt*, *supra*, note 1. Since the sentencing judge, who was present for counsel's statement and decided the motion, was free to impose any legal sentence that he felt appropriate in light of all the information presented to him, no error was committed. See Frankel, Lawlessness in Sentencing, 41 U.Cin.L.Rev. 1, 22 n. 73 (1972). In any event, we regard the operation of the sentencing panel as a sensible and imaginative approach to the problems of sentencing in the district court, and we would be reluctant at this time to encumber this informal process with mandatory procedures. Accordingly, we decline to accept the propositions advanced by appellant on this phase of the case.

Case remanded for further proceedings consistent with this opinion.

6. United States v. Picard, supra; United States v. Janiec, 464 F.2d 126 (3d Cir. 1972) ; Baker v. United States, 388 F.2d 931 (4th Cir. 1968). Accord, Verdugo v. United States, 402 F.2d 599, 613–616 (9th Cir. 1968) (Browning, J., separate opinion), cert. denied, Turner v. United States, 397 U.S. 925, 90 S.Ct. 931, 25 L.Ed.2d 105 (1970).

7. The use of sentencing panels was initiated by the Eastern District of Michigan in 1960 and has since been adopted by the Northern District of Illinois as well as by the Eastern District of New York. See Levin, Toward a More Enlightened Sentencing Procedure, 45 Neb.L.Rev. 499 (1966).