**UNITED STATES of America, Appellee,**

v.

**David Wayne GLOVER, Appellant.**

**No. 73-1052.**

United States Court of Appeals, Fourth Circuit.

March 21, 1973.

Frederick D. Greco, McLean, Va. (Court-appointed counsel), on brief, for appellant.

Brian P. Gettings, U. S. Atty., David H. Hopkins, Asst. U. S. Atty., on brief, for appellee.

Before WINTER, CRAVEN, and BUTZNER, Circuit Judges.

PER CURIAM:

David Wayne Glover was convicted following a plea of guilty of conspiracy to counterfeit obligations of the United States in violation of 18 U.S.C. § 371 (1969). His case was referred to the probation officer for a presentence report and the ensuing sentence of the court was for three years.

Glover's attorney does not seek a copy of the presentence report; rather, he speculates that the sentence must have been imposed on the basis of inaccuracies in the report.

Our examination of the presentence report, Baker v. United States, 388 F.2d 931, 933 (4 Cir. 1968), and the transcript does not disclose the presence of false or misleading information that would constitute a violation of due process in the several respects suggested by counsel. See Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948).

Accordingly, we dispense with oral argument and grant the government's motion for summary affirmance.

Affirmed.

WINTER, Circuit Judge (concurring specially):

My own views that a presentence report should be freely exhibited to counsel for a defendant have been previously expressed in my special concurrence in *Baker,* and I continue to adhere to them. I join in the judgment of the court, but I call attention to the fact that this case is a good example of two additional reasons why disclosure should be the rule rather than the exception. First, if full disclosure is withheld, appellate review to determine if Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) has been met, as suggested in the majority opinion in *Baker,* 388 F.2d at 933, is stimulated. What lawyer, court appointed or privately employed, would forego such review when he may be charged with incompetence for failure to invoke it should it subsequently be established that the sentencing judge

relied upon erroneous data in the presentence report? Second, and intimately connected with the first consideration, unmeritorious appeals are encouraged. This appeal has been found to be lacking in merit. But how can counsel be expected to exercise professional judgment in advising whether an appeal should be taken when he is denied access to the facts on which to base his judgment? Current workloads show clearly that additional appeals, and especially unmeritorious additional appeals, are the last things which should be encouraged.