**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert DRISCOLL, Defendant-Appellant.**

**No. 615, Docket 73–2005.**

United States Court of Appeals,
Second Circuit.

Argued March 6, 1974.

Decided May 6, 1974.

Michael B. Standard, New York City (Dorian Bowman, Rabinowitz, Boudin & Standard, New York City, of counsel, for defendant-appellant.

Raymond J. Dearie, Asst. U. S. Atty. (Edward John Boyd, V, Acting U. S. Atty. E. D. N. Y., L. Kevin Sheridan, Anthony T. Accetta, Asst. U. S. Attys., Brooklyn, N. Y., of counsel), for plaintiff-appellee.

Before MOORE, MANSFIELD and OAKES, Circuit Judges.

PER CURIAM:

Upon appellant's plea of guilty to one count charging unlawful importation of hashish in violation of Title 21 U.S.C. § 841(a)(1), one count charging possession of marijuana with intent to distribute, Title 26 U.S.C. §§ 4755(a) and 7237(a), and two counts charging failure to appear for arraignment, Title 18 U.S.C. § 3150(1), Judge Travia imposed consecutive prison sentences of 5 years on the hashish count to be followed by 7½ years imprisonment on the marijuana count, and to concurrent terms of 5 years on the two bail-jumping counts. This appeal is from the court's order entered on June 1, 1973, denying an application for permission to photocopy the presentence report and an FBI report of his prior arrests and convictions for transmittal to appellant at his place of incarceration and denying his motion for reduction and/or modification of sentence pursuant to Rule 35, F.R.Cr.P. We affirm.

■ Before sentence was imposed appellant's counsel was permitted to review the presentence report in consultation with appellant and he drew the court's attention to certain alleged misstatements in the report. Under these circumstances the district court acted well within its discretion in denying appellant's later application to photocopy the report. See Rule 32(c)(2), F.R.Crim.P.; United States v. Brown, 470 F.2d 285, 288 (2d Cir. 1972); Lehrich, The Use and Disclosure of Presentence Reports in the United States, 47 F.R.D. 225 (1969).

■ Appellant's arguments that it was a violation of Rule 32, F.R.Cr.P., not to have permitted him at the time of sentence to address not only the sentencing judge but the other two members of the multi-judge sentencing panel consulted by Judge Travia prior to his imposition of sentence, and that it was error not to have them examine newly offered data in support of his Rule 35 motion, border on the frivolous. The Eastern District's general utilization of sentencing panels is a matter of such common knowledge, see Zavatt, Sentencing Procedure in the United States District Court for the Eastern District of New York, 41 F.R.D. 469 (1966), 54 F.R.D 327 (1968), that counsel may be charged with awareness of their use. Nevertheless appellant made no request to address the panel either at the time of sentencing or prior to decision of his Rule 35 motion. Even if such a request had been made, however, denial would have been proper. As we pointed out in United States v. Brown, 470 F.2d at 289, the function of the two other members of the panel consulted by the sentencing judge is "purely advisory." The sentencing judge, in this case Judge Travia, remains solely responsible for the sentence that is imposed in each case. Incorrect data submitted to the panel members in the presentence report cannot be said to have prejudiced appellant where that erroneous data was brought to the attention of the trial judge prior to actual sentencing and, as here, he expressly disclaimed reliance on them. In ruling on appellant's Rule 35 motion Judge Travia concluded, after considering the newly offered data, that no change in sentence was warranted. Since the FBI report regarding appellant's prior convictions was not in any event received by the sentencing judge until after sentence was imposed, it could not have influenced him.

Judge Travia's failure to state the reasons for the sentences totalling 12½ years in prison, which appear rather harsh on the record before us, raises a more serious question. We have, it is

true, eschewed appellate review of sentences that are within statutory limits, at least in the absence of evidence that the sentencing judge relied upon constitutionally impermissible factors, and we have refused to require a sentencing judge to state his reasons. See McGee v. United States, 462 F.2d 243 (2d Cir. 1972); United States v. Brown, 479 F.2d 1170, 1172 (2d Cir. 1973). However, we have encouraged the sentencing judge to state his reasons, especially where to do so would clarify doubts as to possible reliance upon misinformation of constitutional magnitude or failure to consider mitigating circumstances. See United States v. Brown, 479 F.2d at 1173. In view of the apparently unwarranted harshness of the consecutive sentences imposed, a statement of reasons would have been welcomed by us in the present case. At the time of sentencing appellant was 29 years of age. Although his minor dealing in narcotics, his brief resistance to arrest, and his fleeing the jurisdiction, could hardly be condoned and called for imposition of a prison sentence, he does not appear to be a hardened recidivist or a person posing a serious threat to society. Indeed, Judge Travia agreed that appellant's conduct in using hashish and marijuana was a "victimless act" (A–69a). He further conceded that there was "nothing before this Court which indicates that the crimes involved here have hurt anybody besides the defendant" (A–69a) and that "there is nothing before the Court which indicates there was any organized crime involvement or any profit motives" (A–69–70). Nevertheless he imposed sentences totalling 12½ years.

Although the minutes of the hearings at the original sentence and upon argument of appellant's Rule 35 motion total 57 transcript pages, the sole reasons suggested by Judge Travia for the harsh sentence were that appellant had been "quite a scamp" (A–77a), "a little bit incorrigible from his early youth," and had become "involved with the law on many occasions" (A–103a). However, the record reveals that until the present cases appellant had had only one prior felony conviction, which was for assault arising out of a marital dispute and resulted in a sentence of five years probation. Thereafter there was evidence that that conviction may have been obtained on the basis of perjured testimony by his former wife, who later sought to recant (A–59a–60a). Furthermore, Judge Travia stated that he was not relying upon the record of the earlier convictions as recited in the presentence report (A–55, 57a, 58a).

Although we adhere to our rule against appellate review of sentences—at least one of us with some reluctance in this case—we suggest that, in view of the apparent uncertainty as to appellant's record and other relevant circumstances, the conscientious district judge may wish *sua sponte* to again review the record and determine whether there should not be a reduction in the sentence imposed upon appellant.

Affirmed.