816 F.2d 674
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alvin SNYDER, Defendant-Appellant.
 No. 86-7192.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 8, 1987.
Decided April 16, 1987.
 
 Before PHILLIPS and SPROUSE, Circuit Judges, and KAUFMAN, Senior District Judge for the District of Maryland, sitting by designation.
 Ned Sanford Kodeck, on brief for appellant;
 James Christopher Savage, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Alvin Snyder appeals from the district court's denial of his 1986 request for access to the presentence investigation report filed after his 1972 conviction. we affirm.
 
 
 2
 In February 1972, Snyder entered a plea of nolo contendere to two counts of a four-count indictment charging him with defrauding a federal savings and loan association in violation of 18 U.S.C. Of 1001, 1002, and 1006. The district court accepted Snyder's plea and sentenced him to sixty days probation and a $5,000 fine on each count.
 
 
 3
 In February 1986, Snyder wrote the Probation Office of the United States District Court for the District of Maryland requesting it to release the presentence report it prepared in conjunction with his 1972 conviction. Snyder claimed that he needed to review the report before submitting a petition for Executive clemency to the United States Department of Justice. The Probation Office denied Snyder's request, indicating that the report could be released to the Department of Justice upon request of the Justice Department's Pardon Attorney. After Snyder continued to contact the Probation Office, the district court issued an ex parte order denying Snyder access to the presentence report. The court stated that it had reviewed the report and was satisfied that conditions justifying its disclosure to Snyder did not exist. Snyder appeals from the district court's order.
 
 
 4
 Snyder cites no authority for his position that a person seeking a Presidential pardon is entitled to review the confidential presentence report prepared pursuant to the conviction for which pardon is sought. It is true that in United States v. Cyphers, 553 F.2d 1064 (7th Cir. 1977), on which Snyder relies, the court stated that "there may be some circumstances wherein disclosure of a presentence report may be absolutely essential to effective presentation of a defense and therefore required in the interests of justice." Id. at 1069. That statement, however, was uttered in the context of a direct appeal from a judgment entered after a criminal trial. It provides no support for the contention that Snyder advances here.
 
 
 5
 Under ordinary circumstances, the decision to disclose the contents of a presentence report to a criminal defendant resides within the discretion of the district court. United States v. Knupp, 448 F.2d 412 (4th Cir. 1971) (en banc); Fed. R. Crim. P. 32(c)(3). Although Rule 32(c) makes no provision for Post-sentence disclosure of a presentence report, its silence cannot be interpreted as restricting in any way the district court's latitude in overseeing and preserving the confidentiality of presentence investigation reports. Here, Snyder has presented no legitimate reason why the district court's action exceeded the scope of its discretionary function.[1] Since we detect no abuse of discretion in the decision below, we affirm the district court's order.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 We also observe that the Justice Department's regulations governing petitions for Executive clemency narrowly limit candidates' access to the documentary materials used in making the clemency determination. Entitled "Disclosure of files," Section 1.5 of the regulations provides:
 Petitions, reports, memoranda and communications submitted or furnished in connection with the consideration of a petition for
 Executive clemency generally shall be available only to the officials concerned with the consideration of the petition. However, they may be made available for inspection, in whole or in part, when in the judgment of the Attorney General their disclosure is required by law or the ends of justice.
 
 
 [28]
 C.F.R. Sec. 1.5 (1986)