**UNITED STATES of America,**
**Appellee,**

v.

**William Henry POWELL, Appellant.**

**No. 73–1210.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 4, 1973.

Decided Nov. 14, 1973.

Rehearing Denied Jan. 7, 1974.

---

Jerome P. Friedlander, II, Arlington, Va. [court-appointed], for appellant.

Paul A. Scott, Asst. U. S. Atty. (Brien P. Gettings, U. S. Atty., E. D. Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

██ William Henry Powell appeals from a judgment convicting him of violating the Dyer Act and sentencing him to five years in the penitentiary. Powell complains that the court erred in its charge to the jury, that the evidence was insufficient to sustain the conviction, and that the court relied upon misinformation in deciding on his punishment. We find no merit in Powell's first and second assignments of error, and accordingly we summarily affirm that part of the judgment finding him guilty. However, because the district judge may have relied on misinformation about material factors bearing on the severity of punishment, which Powell lacked opportunity to refute, we vacate the sentence and remand the case for resentencing.

Powell, together with five other persons including his mother and two brothers, was indicted on several counts for receiving and concealing ten stolen motor vehicles which moved in interstate commerce and conspiracy to receive and conceal these vehicles. The indictments were dismissed against the two defendants who are not related to Powell. In a joint trial of Powell's relatives, his mother was acquitted, one brother was convicted on a single count, and the other on three counts. In a separate trial, Powell was found guilty on one count of receiving and concealing a stolen motor vehicle; he was acquitted on five counts, and five counts against him were dismissed. The same district judge presided over both trials. Powell was sentenced to five years in prison, and his brothers received sentences of 18 months and 30 months respectively.

At the sentencing hearing, Powell's counsel told the court he believed the presentence report might include information from the Federal Bureau of Investigation that Powell was the mastermind of an auto theft ring. He further stated that if this information was in the report, it was prejudicial and not supported by any facts. He explained that he would like to respond to this charge, but that he had not been able to see the report.

Without commenting on the presence or absence of the information to which Powell's counsel had referred, the district judge denied the request to see the presentence report, the judge added:

"I tried both of the defendant's brothers without a jury, and his mother, and, of course, I presided at the trial when he was tried before a jury, when the jury convicted him, and I am aware that he was only convicted on one count.

"I cannot, however, erase from my mind the evidence that I have heard in the other cases, and I intend to consider it and think it proper to consider it in fixing this man's sentence."

After Powell's counsel noted an objection to the court's ruling, he explained the status of a state case against Powell and concluded his remarks with a plea for leniency. Next, Powell spoke in his own behalf, reasserting his innocence and echoing his counsel's plea.

Immediately before imposing sentence, the judge said:

"While we have not given the probation report to counsel, there is nothing in the probation report insofar as the facts concerning the case that didn't come out at trial, and I am basing my judgment, insofar as sentence is concerned, on what went on at the trial.

"There is no question in my mind that this defendant was the ringleader of the theft that involved his two brothers, that he was responsible for getting his two brothers in trouble . . . . ."

Mindful of the limitations on appellate review of sentencing, Powell does not challenge the power or the discretion of the district judge to sentence him to a term of five years. Instead, he complains about the manner in which the sentence was imposed. He contends that the district judge's characterization of him as the ringleader and as the person who got his brothers in trouble is not substantiated by the record and that it is untrue.

The government asserts that the district judge fully discharged his responsibilities by disclosing that he considered Powell's role in determining the severity of punishment. The government argues that the district court could properly rely on the evidence introduced at the trial of Powell's relatives to determine an appropriate sentence for Powell, and that the court did not abuse its discretion in denying inspection of the presentence report.

The law applicable to this case is now fairly well settled. Generally, federal sentences are not reviewable,[1] Gore v. United States, 357 U.S. 386, 393, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958), and the sentencing judge may draw on varied sources for information that will assist him in determining appropriate punishment. Williams v. New York, 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). While not every type of misinformation will justify relief, a sentence cannot stand if it is based on assumptions concerning the defendant's criminal record that are "materially false," Townsend v. Burke, 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed.2d 1690 (1948), or if it is founded "in part upon misinformation of constitutional magnitude." United States v. Tucker, 404 U.S. 443, 447, 92 S.Ct. 589, 592, 30 L.Ed.2d 592 (1972).

There is no dispute about the materiality of the judge's findings that Powell was the ringleader of the auto theft group and that he led his brothers astray. These were the sole reasons cited by the judge for sentencing Powell to a prison term twice as long as that imposed on one of his brothers who had been convicted under more counts of the indictment than Powell. Misinformation or an unfounded assumption concerning facts of this importance is sufficient to render the sentencing procedure invalid. *Cf.* United States v. Malcolm, 432 F.2d 809, 816 (2d Cir. 1970).

We agree with the government that a court can rely on pertinent evidence from another case in determining punishment, although with respect to the prisoner the evidence is hearsay. Williams v. New York, 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); United States v. Schipani, 435 F.2d 26, 27 (2d Cir.), cert. denied, 401 U.S. 983, 91 S.Ct. 1198, 28 L.Ed.2d 334 (1970). And, interpreting the judge's remarks to be a disclaimer of reliance on the presentence report as a source of information for fixing Powell's punishment, we find no reversible error in the denial of Powell's motion to inspect the report.

However, if we, have misinterpreted the district judge's comments, he should disclose any information in the report about Powell's leadership of the thieves. Of course, he may preserve confidential sources of this information. Rule 32(c) of the Federal Rules of Criminal Procedure allows the judge to disclose all or any part of a presentence report to the defendant or his counsel. The Advisory Committee, recognizing the necessity for a defendant to be aware of material facts in the report so he can explain or refute them, has expressed the hope that courts "will make increasing use of their discretion to disclose." Proposed Amendments to the Rules of Criminal Procedure, 39 F.R.D. 168, 194 (1966). We interpreted Rule 32(c) in Baker v. United States, 388 F.2d 931 (4th Cir. 1968), to require, as a minimum, disclosure of the recitation in the report of the defendant's criminal record. This must be accompanied, we said, with an opportunity for the defendant "to refute or explain any record disparagement of his earlier deportment." 388 F.2d at 933; *cf.* United States v. Picard, 464 F.2d 215, 217 (1st Cir. 1972). Recently, sitting en banc, we found the presentence report in controversy did not contain confidential information or rehabilitative plans that necessitated with-

[1]. For a number of years, the absence of sentence review has been under critical study. The Committee on Rules of Practice and Procedure now proposes to amend Fed.R. Crim.P. 35 by providing for sentence review panels. Proposed Amendments to the Federal Rules of Criminal Procedure 15 (Prelim. Draft, 1973). See also, ABA Appellate Review of Sentences (App. Draft, 1968).

holding the report from the defendant and his counsel. "In such circumstances," we wrote, "disclosure, when requested, should be favored in order that the appearance of justice will be fostered with the resulting increase in respect for the administration of the law." United States v. Knupp, 448 F.2d 412, 413 (4th Cir. 1971). As in *Knupp*, many instances of withholding presentence reports prove to be pointless. Rule 32(c) requires sentencing judges to exercise discretion in granting or denying requests for inspection, and we reiterate that a report should be withheld only when there are sound reasons for preserving secrecy.

 Apart from the ambiguity concerning the presentence report, the primary difficulty in the government's position is factual. The government has been unable to point to any evidence in either the trial of Powell's mother and his brothers or in Powell's own trial establishing that he was the ringleader of the group or that he was responsible for getting his brothers in trouble.[2] The second defect in the government's case is procedural. The district judge did not disclose that he believed Powell was the ringleader and the cause of his brothers' involvement until after Powell's counsel had addressed the court and Powell had exercised his right of allocution. Immediately after the disclosure, without reopening the proceedings for further argument or explanation, the court pronounced sentence. Thus, Powell was denied the opportunity to explain or refute the charge before he was sentenced. These two defects in the sentencing procedure—failure of the record to support material factors on which the severity of the punishment rested, and Powell's lack of an opportunity to explain or refute the derogatory information on which the judge relied—denied Powell due process of law. *Cf.* Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948);

United States v. Malcolm, 432 F.2d 809, 816 (2d Cir. 1970).

Accordingly, we vacate the sentence and remand the case for further proceedings at which Powell should be furnished the information on which the district court relied in defining his role. The district court should afford Powell an opportunity to explain or refute this information before it resentences him.

---

2. The assistant United States attorney, arguing the case on appeal, speculated that Powell could be considered the ringleader because he appeared to be smarter than his brothers. He did not, however, attribute this reasoning to the district judge, and we cannot rely on it as a basis for decision.