**Harry Edwin LAWSON,
Petitioner,**

v.

**Walter RIDDLE, Superintendent,
Respondent.**

**Civ. A. No. 75–0072(H).**

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Sept. 4, 1975.

Harry Edwin Lawson, pro se.

Wilburn C. Dibling, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION AND JUDGMENT

DALTON, District Judge.

Petitioner, Harry Edwin Lawson, was convicted on January 16, 1973 in the Cir-

cuit Court of the City of Staunton on two counts of breaking and entering with intent to commit larceny. On July 28, 1975, a writ of habeas corpus was filed in the Eastern District concerning this conviction. Subsequently this action was transferred to the Western District at Harrisonburg, Virginia and leave was granted to proceed *in forma pauperis*. Petitioner makes the following allegations in his request for relief:

1) Petitioner's counsel had a conflict of interest.

2) The Commonwealth's attorney had a "conflict of interest."

3) Petitioner was denied a presentence report.

Respondent has filed a motion for summary judgment pursuant to Rule 56(b).

■ It appears from the state court records forwarded to this court that on September 7, 1973 petitioner filed for a writ of habeas corpus in the Circuit Court of the City of Staunton. In that petition there were basically two charges, one alleging a conflict of interest on the part of petitioner's counsel, the public defender, and the other alleging prejudice by the Commonwealth's Attorney against petitioner. On October 26, 1973 the Circuit Court of the City of Staunton denied and dismissed the petition for a writ of habeas corpus. This denial by the Circuit Court Judge wasn't appealed to the Virginia Supreme Court. Accordingly, respondent charges that petitioner hasn't exhausted his state court remedies pursuant to 28 U.S.C. § 2254. Respondent further alleges that *Superintendent v. Parrigan*, 215 Va. 27, 205 S.E. 2d 680 (1974) is inapplicable here because petitioner seeks habeas corpus on the grounds of insufficiency of counsel. *Parrigan* held that issues not raised in the Circuit Court or on appeal to the State Supreme Court couldn't be raised as grounds for state habeas corpus unless they concerned jurisdictional defects or inadequacy of counsel. This court finds no reason to reach this contention because petitioner's time for appealing the

adverse holding on his writ of habeas corpus has since gone by. § 8–489, Va. Code Ann. (1950). Thus under *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837 (1963), petitioner has no available state remedies at the present time and has exhausted his state remedies under § 2254.

■ Turning to the merits of the case, petitioner's first allegation concerning his counsel's conflict of interest is based on the fact that his counsel, the public defender had previously represented a client in a civil matter against the petitioner. Petitioner's charge here seems totally unfounded to the court. The record in the case indicates that the public defender discussed the matter with the petitioner prior to trial and was assured by the petitioner that he saw no such conflict at the time. When asked at his hearing if he was satisfied with the representation given him, petitioner responded "very much so." Transcript, Jan. 26, 1973, p. 4.

Beyond this though, petitioner plead guilty and there is no charge that this guilty plea was not a voluntary or intelligent one. Recent cases indicate that absent some suggestion that a defendant's guilty plea is not voluntary or intelligent, he can't raise in a federal habeas corpus proceeding independent claims relating to the deprivation of constitutional rights that anteceded the plea. *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). This case law of course assumes a claim of constitutional dimensions, which this court entertains grave doubts would exist here, unless counsel's representation of petitioner were so inadequate as to fail to meet minimal requisite standards. This court perceives no such inadequate representation apparent here.

Petitioner's second allegation concerning a "conflict of interest" on the part of the prosecuting attorney seems to be more a charge that the Commonwealth's

Attorney was prejudiced against petitioner because the Commonwealth's Attorney had represented a client against petitioner in a private matter. However there is no charge that the Commonwealth's Attorney did anything extraordinary in this case. Furthermore, petitioner's guilty plea is dispositive of this claim also without any indication that this alleged prejudice caused a plea that wasn't voluntary or intelligent. *Tollett, supra* at 267, 93 S.Ct. 1602.

█ Petitioner's last allegation that he was denied a presentence report also is of no factual merit. The record clearly indicates that petitioner consulted with his counsel over the matter of sentencing and whether or not to have a presentence report. Transcript, January 26, 1973, p. 31. At that time petitioner's counsel chose not to have such a report. Furthermore there is no constitutional right to a presentence report. Thus the voluntary choice not to obtain one before sentencing does not in any way approach constitutional magnitude for the granting of a writ of habeas corpus. *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

In conclusion, this court finds the following:

1) Petitioner has exhausted his presently available state court remedies.

2) Even if petitioner's first two allegations reached constitutional dimensions, they would not be grounds for federal habeas corpus relief absent some indication that they affected petitioner's ability to waive these claims by making a voluntary and intelligent guilty plea.

3) None of petitioner's claims do reach constitutional status because they lack support in the record of the hearing and don't speak to cognizable constitutional claims absent further evidence other than the fact of their occurrence.

Accordingly, respondent's motion for summary judgment is herein granted.

The clerk of the court is directed to send a copy of this opinion and judgment to petitioner and counsel for respondent.