**Clayton COOK, Petitioner-Appellant,**

v.

**Ramon L. GRAY, Warden, Respondent-Appellee.**

No. 75–2012.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 13, 1976.

Decided March 2, 1976.

Certiorari Denied May 19, 1976. See 96 S.Ct. 2187.

---

Before PELL and BAUER, Circuit Judges, and PERRY, Senior District Judge.*

PER CURIAM.

Petitioner, in his application for a writ of habeas corpus, contends that the state court judge in sentencing petitioner improperly relied on his belief that petitioner had committed perjury in another case. Based on pleas of guilty, petitioner was sentenced to five years for burglary, two years for bail jumping, and twenty years on each of three charges of armed robbery. Additional charges of three other armed robberies, two burglaries, and one attempted burglary were read into the record, and it was stipulated that the sentencing judge could take these into account in imposing sentence. In discussing the defendant's criminal history, the judge noted that in 1961 the defendant had been sentenced to ten years for causing bodily harm to a police officer and that immediately after being discharged early from parole, he went back to prison for forgery and contributing to the delinquency of a minor. The court stated:

"Mr. Cook, you are a danger to society. You have chosen a style of life which is completely contrary to a law abiding citizen or any citizen who just wants to live and get along without being molested. In marauder style you accompanied some of your friends one of whom I am sure you wanted to protect and I think you committed perjury in so protecting him in this court as a result of which he was found not guilty, you went out and robbed and stole and put people in danger of their lives, some of whom may be yet suffering from the mental experience that they had.

. . . . .

"I will also consider the fact that most of these charges resulted from your admissions. I must, on the other

Lynn S. Adelman, Milwaukee, Wis., for petitioner-appellant.

William L. Gansner, Asst. Atty. Gen., Madison, Wis., for respondent-appellee.

* Senior District Judge J. Sam Perry of the United States District Court for the Northern District of Illinois is sitting by designation.

hand, however, consider all of the things I said before plus the fact that you committed these offenses while you were under the jurisdiction of the court, full in the face of the kindness and consideration that one of the Circuit Judges had given you, placed you on your own recognizance, turned your back not only on him but on the entire judicial system, fled from the jurisdiction of the court and then proceeded to commit violent offenses."

Initially all the sentences imposed were consecutive, but the following day the court held another hearing to consider the length of time before petitioner would be eligible for parole. The judge in addition indicated that he was willing to "listen to any other arguments by way of modification of sentence." After the prosecutor and defense counsel had had the opportunity to speak and had substantially agreed on when the defendant would be eligible for parole, the judge modified petitioner's sentence making the burglary and bail jumping sentences concurrent with the armed robbery sentences.

Two months later the judge held a hearing on a motion for sentence reduction. At the hearing the state argued that the sentence should not be modified but indicated, "in fairness," that the petitioner had voluntarily testified as a state's witness against a co-conspirator in a trial since the sentencing. The judge summarized his reasons for imposing the sentences which he had imposed but did not mention perjury among them. The essence of the judge's remarks was that he considered the petitioner highly dangerous to society. He then adjourned the hearing for thirty days to get a social evaluation from the prison authorities; but four days later he rescinded the order, denied the petition for modification of sentence, and indicated that petitioner's voluntary testimony and prison evaluations could be brought to the attention of the parole board.

Petitioner's original theory in his petition was that the sentencing judge was not impartial because he believed petitioner had committed perjury in the trial of his "alleged co-defendant." On appeal counsel argues that the sentencing judge inadequately identified the case in which perjury allegedly took place and therefore that petitioner and his counsel could not adequately respond. Neither theory provides a sufficient basis for us to reverse the district court's dismissal of the petition.

■ Although sentences within the statutory limit are not normally subject to review, it is inconsistent with due process to allow a sentence to stand which is based on assumptions concerning a person's criminal record which are materially untrue or which is based on misinformation of constitutional magnitude. *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690, 1693 (1948); *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 591, 30 L.Ed.2d 592, 596 (1972). Petitioner here does not argue that the trial judge's belief was necessarily false but rather argues that there is no basis in the record for the sentencing judge's conclusion.

Petitioner places primary reliance on *United States v. Powell*, 487 F.2d 325 (4th Cir. 1973), and *United States v. Looney*, 501 F.2d 1039 (4th Cir. 1974). In *Powell* there was no dispute that the defendant was sentenced to twice as long a sentence as the others involved in the crime because the court believed that the defendant was the ringleader of the group. The court indicated that he was basing defendant's sentence on the evidence he had heard in defendant's trial and the evidence he had heard in the trials of his co-defendants. The Fourth Circuit remanded because the Government had been unable to point to any evidence in either trial to establish that the defendant was the ringleader and because the defendant was not given an opportunity to explain or refute the information upon which the judge relied. In *Looney* the court followed *Powell*. Though the court summarized *Powell* as holding that sentences must be vacated where based on assumptions not sup-

ported by the record, in its holding the court noted that at least two of the defendants had been denied the opportunity to challenge or explain the information upon which the court relied.

■ As indicated hereinbefore, the record in this case contains a two-pronged attack on the sentencing judge's reference to his belief that the petitioner had committed perjury in an earlier trial in which he had testified on behalf of the defendant in that case. Taking these in reverse order from that in which they were raised, we find absolutely no arguable merit in the contention that the petitioner did not respond to the perjury reference on the several occasions when he could have done so because the sentencing judge did not specify in what trial the alleged perjury occurred. This is belied by the petitioner's own pro se petition and brief in which he details the name of the defendant in the other case, that he had testified on his behalf in a jury trial, that two other witnesses had testified against the defendant, that the trial occurred three months before the sentencing of the petitioner, that the jury acquitted the defendant for whom petitioner had testified, and that the trial judge in the other case was the sentencing judge who had referred to the perjury. The defendant was as well acquainted with that to which he had testified in the other trial as was the sentencing judge. Yet neither petitioner nor his attorney sought to dispute the statement or even to point out the obvious fact that the jury had believed the petitioner rather than the two state's witnesses. This failure not only occurred on the day of sentencing but continued on the next day when the court invited arguments on the modifications of the sentence and at the hearing two months later on the motion for sentence reduction. If counsel was unaware of the facts of the other trial at the time of sentencing, ample time for consultation with his client existed before petitioner reappeared before the judge.

■ We turn then to the question of whether the reference to the judge's thought that the petitioner had committed perjury was sufficient to deprive the petitioner of a constitutional right so as to activate the granting of the great writ. While the sentence was of substantial length, it also was substantially less than that which might have been imposed. The factual situation before the judge as to the extent of the petitioner's criminal activity, aside from the perjury reference, could reasonably have supported the imposition of a maximum removal from a free society, which did not occur. In the reappearance before the judge at the hearing on the motion for sentence reduction, the judge enumerated the crimes in which the petitioner had been involved and their severity. No reference was made to the perjury matter. At the time of the original sentencing, the prosecutor, prior to the judge's reference to perjury, advised the court that the state viewed the offenses committed as extremely serious, that the petitioner had a substantial criminal record, that he had been a fugitive while on bail and therefore that the state recommended that he be sentenced to substantial consecutive sentences. At the hearing on the motion for sentence reduction two months later, a different assistant district attorney asked the court to recall that the petitioner was an armed robber, that the state considered him to be extremely dangerous, "a constant threat to the community; and, therefore, we are opposed to sentence reduction, believing that the consideration that he has due him has already been given."

The sentencing judge had heard all of the evidence in the case of the friend for whom the petitioner had testified. While he was not the trier of fact in the case, the position he occupied afforded him the expertise to evaluate and gauge credibility of witnesses. His reference to perjury, and the petitioner tacitly concedes that his testimony was material to the acquittal disposition, did no more than articulate that which was apparent to him as the presiding judge. A judge

has wide discretion in determining the sources of information to use in determining sentences. *Williams v. New York,* 337 U.S. 241, 246, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337, 1341 (1949). Even in *Powell supra,* the court agreed with the Government that pertinent evidence from another case could be considered in determining a sentence. 487 F.2d at 328.

■ The federal courts have become involved to a constantly increasing extent in being the ultimate guardian of constitutional rights in state criminal proceedings. One of those rights is that a convicted person's sentence should not be induced or increased by the sentencing judge's consideration of improper factors. Before the federal courts intervene and interfere with the state criminal proceedings, there should be a basis for the holding that there has been a constitutional right deprivation. We decline under the circumstances of this case to find that what we regard in any event as being no more than a passing reference to a fact apparent to the sentencing judge, and one to which he did not again refer in subsequent proceedings, is a basis for our intervention in this particular state criminal proceeding.

Accordingly, the judgment of the district court in dismissing the petition is

Affirmed.