Gregory F. ELSWICK, Petitioner,

v.

Manfred HOLLAND, Warden, et al, Respondents.

Civ. A. No. 84–2376.

United States District Court,
S.D. West Virginia,
Charleston Division.

Dec. 10, 1985.

Gregory F. Elswick, pro se.

Mary Rich Maloy, Deputy Atty. Gen., Charleston, W.Va., for respondents.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending before the Court is the habeas corpus petition of Gregory F. Elswick. The Respondents, West Virginia State officials, have filed a motion to dismiss [1] and an answer. The *pro se* Petitioner has filed a "Rebuttal."

The Petitioner, Elswick, was indicted in 1983 by a Kanawha County, West Virginia, grand jury for three counts of sexual assault. The alleged incident of sexual assault occurred in Charleston, West Virginia, on January 23, 1983. Elswick was accused of forcing a young female to submit to oral, anal and vaginal intercourse. Each of these acts was assigned a count of the three-count indictment. After a two-week trial, which commenced on December 7, 1983, Elswick was found guilty of Count Three of the indictment. The trial judge thereupon sentenced Elswick to an indeterminate term of not less than five nor more than ten years in the West Virginia Penitentiary. He is currently incarcerated at that institution.[2]

After the determination of guilt at the trial court, Elswick's counsel filed a petition with the West Virginia Supreme Court of Appeals alleging error by the trial court and requesting a new trial. Elswick assigned the following seven grounds as error.

> "I. The Circuit Court of Kanawha County committed reversible error

---

**1.** By an earlier order, the Court denied without elaboration Respondent's motion to dismiss. Because the motion raises some relevant issues, the Court will offer a more complete treatment and explanation in this opinion.

**2.** There is no dispute that Elswick meets the "in custody" requirement of 28 U.S.C. § 2254.

by denying appellant's motion to set aside judgment and motion for judgment of acquittal due to the insufficiency of the evidence to substantiate a conviction of second degree sexual assault.

II. The Circuit Court of Kanawha County committed prejudicial error in not performing [sic] the defense to inquire into or to cross-examine about the alleged victim's prior sexual conduct.

III. The Circuit Court of Kanawha County committed reversible and prejudicial error when he restricted trial defense counsel's cross examination of Dr. Bernard Luby as to his examination of [the victim].

IV. The Circuit Court of Kanawha County erred prejudicially to the interest of the appellant in failing to order that a presentence investigation be conducted into the background of the appellant.

V. The Circuit Court of Kanawha County erred when it revoked the appellant's bond after the trial and committed the appellant to jail pending further proceedings.

VI. The trial courts conduct unduly influenced the outcome of the judgment of guilt and unduly influenced and prejudiced the jurors in the outcome of the case below.

VII. The court below committed error in failing to accord the appellant an opportunity to present evidence in extenuation and mitigation prior to sentencing."

The West Virginia Supreme Court refused to hear the appeal. Consequently, Elswick has turned to this Court for relief. He incorporates by reference the brief his

counsel submitted to the state court and the arguments contained therein.[3]

In addition to an answer, the Respondents filed a motion to dismiss.[4] Their argument is essentially in two parts. They argue first that Elswick has failed to state grounds suitable for habeas corpus relief. Second, they argue that Elswick has not exhausted his state remedies. The Court turns first to the exhaustion argument.

■■■ The Court finds the Respondents' argument that Elswick has not exhausted his state remedies to be meritless. The Respondents contend that the "allegation of state theories is not sufficient to apprise the court of federal constitutional issues as a state prisoner is required 'to present the State Courts with the same claim he urges upon the federal courts.'" Respondents' motion, p. 2 (*quoting, Picard,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971)). The Respondents' statement of the law is quite correct. To meet the state exhaustion requirement, a petitioner must present his federal constitutional claim to the state court *as a federal constitutional claim. Nelson v. Solem,* 714 F.2d 57, 59 (8th Cir.1983). "It is not enough that all the facts necessary to support the federal claim were before the state courts ... or that a somewhat similar state-law claim was made." *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) (per curiam). Nevertheless, the Respondents' argument has no application here. Elswick is presenting verbatim to this Court the arguments he presented to the state court. Thus, he cannot be said to be presenting arguments in a light different from those brought before the state court.

■■ If the Respondents' motion has any worth, it is to be found in their contention that Elswick has not raised a federal ques-

---

**3.** By using the same arguments presented to the State Supreme Court, Elswick satisfies two requirements. First, by pressing his contentions in the State's highest court, he has exhausted his state remedies. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Strader v. Allsbrook,* 656 F.2d 67 (4th Cir.1981). Second, he now presents to this Court the same

grounds which the state court had opportunity to consider. *Pitchess v. Davis,* 421 U.S. 482, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975); *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

**4.** *See* n. 1.

tion in his petition. The point is material because on this subject (habeas corpus) a federal court's scope of review is narrow. It can entertain an application for a writ of habeas corpus, "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254; *see also Rose v. Hodges,* 423 U.S. 19, 96 S.Ct. 175, 46 L.Ed.2d 162 (1975). It is well settled that matters of state law not involving federal constitutional issues are not appropriate grounds for federal habeas corpus relief. *Chance v. Garrison,* 537 F.2d 1212 (4th Cir.1976); *Grundler v. North Carolina,* 283 F.2d 798 (4th Cir.) *cert. denied,* 362 U.S. 917, 80 S.Ct. 670, 4 L.Ed.2d 738 (1960). A few of the grounds assigned by Elswick raise only state law claims; the Court will come to them in turn.

■ Elswick has requested that a hearing be scheduled so that he might air his grievances. The Court, however, does not find that a hearing is necessary. When "[t]here is no dispute over what happened at the trial, but merely over its legal consequences," *Grundler,* 283 at 802, a hearing need not be held. *See also Bradley v. Cowan,* 500 F.2d 380, 381 (6th Cir.1974) (where a petition for habeas corpus raises a purely legal issue, no hearing is required). Moreover, none of the circumstances enumerated in 28 U.S.C. § 2254 exist which would mandate that an evidentiary hearing be held. Having addressed this point, the Court now turns to the grounds raised by Elswick.

■ Elswick assigns as his first ground the allegedly insufficient evidence at trial to support a conviction of second degree sexual assault. He contends specifically that there was no evidence that the victim resisted the efforts of her assailant. Elswick fashions this argument from the language of the controlling statute. *W. Va. Code,* § 61–8B–4(a) provides, in pertinent part, that: "[a] person is guilty of sexual assault in the second degree when: (1) such person engages in sexual intercourse or sexual intrusion with another person without the person's consent and the lack of consent results from forcible compulsion." Section 61–8B–1 defines "forcible compulsion" as

"(a) Physical force that overcomes such earnest resistance as might reasonably be expected under the circumstances; or

(b) threat or intimidation, expressed or implied, placing a person in fear of immediate death or bodily injury to himself or another person or in fear that he or another person will be kidnapped."

For the purposes of this definition, 'resistence' includes physical resistance or any clear communication of the victim's lack of consent."

The Court believes that Elswick puts too much emphasis on the element of resistance. The import of the statute is that a victim does not have to endanger herself by fierce resistance when threats and intimidation have been employed against her. The Court finds ample evidence from which the jury could have concluded that the victim's lack of consent was overcome by threats and intimidation.

■ In spite of the above examination of the merits, the Court notes that the sufficiency of the evidence is normally a matter of state law and procedure and does not involve federal constitutional issues. *Grundler,* 283 F.2d at 802. There is a Fourteenth Amendment violation only when the conviction is so totally devoid of evidentiary support as to raise a due process issue. *Id.* at 801. The situation here stops far short of assuming constitutional dimensions.

■ Elswick contends that West Virginia's Rape Shield Law denied him the opportunity to effectively cross examine the victim and the treating physician.[5] The Court need not tarry long on this point. The

**5.** Elswick assigned different grounds of error for the "denial" of cross examination of the victim and the treating physician. Because they involve the same issue of law, the two grounds are combined here for consideration.

West Virginia Supreme Court has itself held that the statute, *W. Va. Code,* § 61–8B–12,[6] does not violate the right to confrontation guaranteed by the Sixth Amendment. *State v. Persinger,* 286 S.E.2d 261 (W.Va. 1982); *State v. Green,* 163 W.Va. 681, 260 S.E.2d 257 (1979).[7] While this Court is not bound by the state court's holdings, it finds them to be well reasoned and persuasive. Moreover, the Court does not find any merit in Elswick's contention that the state placed the victim's character in evidence.

■ Elswick raises two grounds which the Court finds to be unsuitable for review on a petition for habeas corpus. He contends that the trial court erred when it revoked his bond prior to appeal and that the trial court influenced and prejudiced the jurors when it instructed the jury on a count of the indictment during the opening of the trial as opposed to at the end of the trial. Both of these grounds are based upon state law. The Court fails to discern any allegation that rights protected by federal law were breached.

■ Elswick claims that he was prejudiced by the trial court's refusal to have a presentence investigation report prepared. He cites a West Virginia statute, *W. Va. Code,* § 62–12–7,[8] which, as read by this Court, grants a trial court the discretion of whether to order a presentence investigation. *See State ex rel Simpkins v. Harvey,* 305 S.E.2d 268 (W.Va.1983); *see also* West Virginia Rule of Criminal Procedure 32(c); *cf., Hazelwood v. Arnold,* 539 F.2d 1031 (4th Cir.1976) (under federal law, ordering of a presentence investigation and report is discretionary). In addition to the lack of an absolute right to a presentence report under the state statute, there is no federal constitutional right to a presentence investigation and report. *Vines v. Muncy,* 553 F.2d 342, 350, n. 26 (4th Cir.) *cert. denied,* 434 U.S. 851, 98 S.Ct. 163, 54 L.Ed.2d 120 (1977); *Lawson v. Riddle,* 401 F.Supp. 410, 412 (W.D.Va.1975); *but see Rule* 32(c)(1), Federal Rules of Criminal Procedure. Moreover, "[i]n the ordinary case the issue of whether petitioner is entitled to a pre-sentence report at all is a matter of state law and not cognizable under a petition for a writ of habeas corpus." *Stamper v. Baskerville,* 531 F.Supp. 1122, 1127–28 (E.D.Va.1982).[9]

---

**6.** *W. Va. Code,* § 61–8B–12 has recently been amended. At the time of Elswick's trial it provided as follows:

"(a) In any prosecution under this article in which the victim's lack of consent is based solely on his incapacity to consent because he was below a critical age, evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct and reputation of the victim's sexual conduct shall not be admissible. In any other prosecution under this article, evidence of specific instances of the victim's prior sexual conduct with the defendant shall be admissible on the issue of consent: Provided, that such evidence heard first out of the presence of the jury is found by the judge to be relevant.

(b) In any prosecution under this article, evidence of specific instances of the victim's sexual conduct with persons other than the defendant, opinion evidence of the victim's sexual conduct and repuation evidence of the victim's sexual conduct shall not be admissible: Provided, that such evidence shall be admissible solely for the purpose of impeaching credibility, if the victim first makes his previous sexual conduct an issue in the trial by introducing evidence with respect thereto."

**7.** For a collection of cases upholding State Rape Shield laws see *Doe v. U.S.,* 666 F.2d 43, 48, n. 9 (4th Cir.1981).

**8.** *W. Va. Code,* § 62–12–7 provides as follows:

"When directed by the court, the probation officer shall make a careful investigation of, and a written report with recommendations concerning, any prospective probationer. Insofar as practicable this report shall include information concerning the offender's court and criminal record, occupation, family background, education, habits and associations, mental and physical condition, the names relationship, ages and condition of those dependent upon him for support, and such other facts as may aid the court in determining the propriety and conditions of his release on probation. No person convicted of a felony shall be released on probation until this report shall have been presented to and considered by the court. The court may in its discretion request such a report concerning any person convicted of a misdemeanor. A copy of all reports shall be filed with the Board of Probation and Parole."

**9.** It is also well established that even if a presentence investigation report is formulated, there is

If the attack on the sentencing was limited to the presentence investigation issue, the Court could confidently leave this area of inquiry and move on. Elswick, however, in complaining of the lack of a presentence report, incorporates an argument aimed at the method by which the trial judge sentenced him.[10] For purposes of clarity, the Court deems it advisable to set out the remarks of the trial court at sentencing:

"[DEFENSE COUNSEL]: Your Honor, has the Court ordered a presentence investigation to be done in this matter?

THE COURT: I feel that in this case, because of the information and evidence that the defendant has already furnished as well as the evidence of the other witnesses, that further inquiry into the defendant's character and conduct and habits is not necessary in this case. I, therefore, believe that I ought to pronounce judgment according to law without further inquiry into the defendant's background, his character, conduct, and habits.

There were various factors brought to my attention by counsel for the defense during the trial and pretrial motions as well as factors brought to the attention of this court by the prosecuting attorney in the presence of the defense of this case. It has even come to my attention—of course its hearsay—that other assaults have been made upon female persons by this defendant, and I have also been informed as late as during the trial of this case, while this very matter has been pending before this court, before the jury and the judgment of the court has been made, that the defendant while he was out on bond attempted other vicious assaults of the same type of character as to the other accusations that have been made against him in this indictment. I do not have the names of the alleged victim or victims of these assaults right at hand this minute, but I can obtain such information and more specifically recite the alleged happenings and occurrences of the nature I have generally described here just at this time."

Record of trial pp. ——.[11] Counsel for Elswick objected to the sentencing and took his argument to the West Virginia Supreme Court in the following terms:

no constitutional right to full disclosure of that report. *Baker v. U.S.,* 388 F.2d 931 (4th Cir. 1968); *U.S. v. Knupp,* 448 F.2d 412 (4th Cir. 1971); *see also U.S. v. DeVore,* 423 F.2d 1069 (4th Cir.1970), *cert. denied* 402 U.S. 950, 91 S.Ct. 1604, 29 L.Ed.2d 119 (1971) (due process did not require disclosure of report because of trial judge's assertion that he did not rely upon report); *U.S. v. Zaza,* 434 F.2d 66 (4th Cir.1970) (not required to exhibit presentence report where there was no report prepared for judge's consideration); for additional cases see Annot. 40 A.L.R.3d, 681, 696 (1971).

10. The Court is mindful of the duty of a federal habeas court not to consider a constitutional argument by a petitioner which has not been presented to the state courts. The cases counseling against violating this principle of state-federal comity, however, are set in the context of a petitioner changing the tone, direction and authority of his argument in coming from the state to the federal system. In *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), the Supreme Court held that state courts must have had "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Id.* at 276, 92 S.Ct. at 512. The Petitioner here presents nothing to this Court that he did not present to the state court. There

is something paternalistic in the notion that this Court can discern issues on the face of a cold record, while a state appellate court, when faced with the same record, cannot. The Court prefers to see the West Virginia Supreme Court of Appeals as *sub silentio* rejecting the Petitioner's constitutional argument. This Court disagrees with such an implied holding. Disagreement among courts is not uncommon. This Court, however, in its role as a forum for constitutionally aggrieved petitioners cannot defer to the state courts in interpreting the rights provided by the federal constitution. *Townsend v. Sain,* 372 U.S. 293, 312, 83 S.Ct. 745, 756, 9 L.Ed.2d 770.

The *pro se* Petitioner's disjointed "Rebuttal" cannot necessarily be read as trying to assert new constitutional grounds in this Court. In that the rebuttal was directed toward the text of the petition—a petition filed at both the state and federal levels—it can just as easily be read as the Petitioner's attempt to argue that a federal question was presented to the state court.

11. Inexplicably, at this point in the proceedings, the pages of the trial transcript are unnumbered.

**504**

"As this honorable court can ascertain from the sentencing remarks of the court below, the trial court denied counsel the right to counter certain allegations made against appellant herein, and in so doing, appellant was denied due process of law. Counsel for appellant submits that a failure to order a presentence report denied the appellant herein his right to counter the allegations made against him by others who had apparently spoken to the trial judge about appellant herein. Record of trial pp. ——.

Furthermore, as is apparent from the record of trial, the court below based his sentence upon certain matters which had apparently been brought to his attention by others inasmuch as these matters were not brought to the attention of the court below through a presentece [sic] investigation. The appellant was denied his right to present evidence contrary to these allegations."

Petitioner's brief at 26.

The Supreme Court in *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) found due process to be lacking when the sentencing judge plainly relied upon a false compilation of the criminal record of a defendant who was unrepresented by counsel. In *U.S. v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), the court held that a sentence could not be based upon misinformation of a constitutional magnitude. The Fourth Circuit in *U.S. v. Powell,* 487 F.2d 325 (4th Cir. 1974) extended "the rule which requires the vacating of sentences based on false information to sentences based on assumptions not supported in the record." *U.S. v. Looney,* 501 F.2d 1039, 1042 (4th Cir.1974).

 The Court here finds that the sentencing courts comments in regard to assaults on other young females to be unsupported by the record. In this respect the facts of the instant case resemble those of *Powell* wherein the court found a sentencing to constitute a denial of due process.

In *Powell,* the trial court based its sentence on two factors: That the defendant was the ringleader of a criminal group and that he was responsible for getting his brothers in trouble. Moreover, the court did not give the defendant a chance to refute or explain the allegations prior to sentencing. The Fourth Circuit concluded that these "two defects in the sentencing procedure—failure of the record to support material factors on which the severity of the punishment rested, and Powell's lack of an opportunity to explain or refute the derogatory information on which the judge relied—denied Powell due process of law." *Powell* at 329.

 The record here does not reflect that Elswick was given the opportunity to explain or refute the information utilized by the trial court in imposing a sentence. While a defendant does not generally have a *constitutional right* to allocution absent a specific request,[12] *Ashe v. State of North Carolina,* 586 F.2d 334 (4th Cir.1978), *cert. denied,* 441 U.S. 966, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979); *cf. Rule* 32(a)(1)(C), Federal Rules of Criminal Procedure (court must address Defendant personally and ask him if he wishes to make statement) a defendant does have a right to refute any misinformation which the court may rely upon in passing sentence. *Baker v. U.S.,* 388 F.2d 931 (4th Cir.1968).

 The Court does not wish to be overly restrictive in imposing guidelines for the resentencing which it believes is constitutionally necessary. A trial court has wide discretion in the sources and types of evidence used in determining the kind and extent of punishment to be imposed. *U.S. v. Zaza,* 434 F.2d 66 (4th Cir.1970). And a sentencing court is not restricted by the federal constitution to the information received in open court. *Williams v. New York,* 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); *U.S. v. Bass,* 535 F.2d 110, 120 (D.C.Cir.1976) (sentencing courts must be permitted to consider at least some hearsay

---

12. Elswick has assigned as an independent ground the failure of the trial court to grant him the right to speak in his own behalf at sentenc-ing. The Court treats this ground as subsumed in the instant discussion of the sentencing procedure.

information). At the resentencing of Elswick, if the trial court chooses to rely upon the reports of Elswick's misconduct toward young females, it should order a presentence investigation report on such or conduct an evidentiary hearing on the matter. In either event, Elswick and counsel should be given the opportunity in open court to explain or refute the allegations.

In remanding one case for resentencing on account of constitutional defects, the Fourth Circuit has "suggested" that the resentencing be done by another judge. *U.S. v. Looney,* 501 F.2d 1039 (4th Cir. 1974); *see also U.S. v. Stein,* 544 F.2d 96 (2d Cir.1976). These cases involved remands within the federal system, and they did not require *absolutely* that the resentencing be handled by another judge. This Court is reluctant to be so intrusive as to order a second state court judge to resentence Elswick. The Court discerns no prejudice—and none is alleged—on the part of the trial judge. The Court has confidence that the trial court will respect the constitutional values identified here and will conform thereto at the resentencing. Therefore, the Court sees no need to have the matter handled by a different trial court judge, unless the trial court so desires.

Accordingly, the Court grants the writ but suspends execution of the same for ninety days to give the state court the opportunity to resentence Elswick with credit for time served. In all other respects, the petition is denied.

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to counsel of record and to the Petitioner.