# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 18-0813** (Marshall County 18-F-45 & 46)

**Jason McClain Phillips,**
**Defendant Below, Petitioner**

**FILED**

**January 17, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jason McClain Phillips, by counsel Brett M. Ferro, appeals the Circuit Court of Marshall County's August 24, 2018, order sentencing him to an effective term of two to eight years of incarceration following the entry of his guilty plea to one count of third or subsequent offense driving while revoked for driving under the influence of alcohol ("DUI") and one count third or subsequent offense domestic battery. The State of West Virginia, by counsel Scott E. Johnson, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court committed plain error in considering an impermissible factor at sentencing and abused its discretion in sentencing him to consecutive, rather than concurrent, prison terms.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2018, the Marshall County Grand Jury returned a three-count indictment against petitioner charging him with one count of third or subsequent offense driving under the influence of alcohol, one count of third or subsequent offense driving while revoked for DUI, and one count of third or subsequent offense domestic battery. On July 27, 2018, petitioner entered into a plea agreement with the State wherein he pled guilty to one count of third or subsequent offense driving while revoked for DUI and one count of third or subsequent offense domestic battery in exchange for the State's agreement to dismiss the remaining count in the indictment and refrain from filing a recidivist information.

Petitioner's sentencing hearing was held on August 22, 2018. At the sentencing hearing, petitioner requested assistance in seeking treatment for his issues with alcohol abuse. Counsel for

1

petitioner argued that the circuit court should sentence petitioner to home incarceration for the third or subsequent offense driving while revoked for DUI charge and suspend his sentence for the other charge. The State requested that the circuit court sentence petitioner to consecutive sentences of incarceration given petitioner's long history of alcohol abuse and criminal activity. Specifically, the State noted that petitioner had an eleven-page criminal history, including between eight and ten misdemeanors and at least two prior felonies. The State advised the court that petitioner's blood alcohol content was .224 at the time he was arrested for the domestic battery charge, which was described as "very severe." Petitioner's blood alcohol content when he was arrested for driving under the influence was also high at .231. The State argued that, despite admitting to struggling with alcohol abuse issues for nearly twenty years, petitioner had only sought the assistance of Alcoholics Anonymous meetings twice during that time and further opined that "the only reason he's seeking help now is because he's facing two felony charges that he pled to, and he's looking at a significant amount of [prison] time." The circuit court also considered the presentence investigation report and a letter from petitioner's mother pleading for leniency. On its own, the circuit court brought up petitioner's Facebook pages, read several posts, and asked petitioner whether he had authored them. Petitioner conceded that he had authored the posts, but claimed that he did not take Facebook seriously and that the posts were jokes. The circuit court clarified "I'm not sentencing you based on these. I wanted to see who you are and who you portrayed yourself to be."

The circuit court sentenced petitioner to not less than one nor more than three years of incarceration for the third or subsequent offense driving while revoked for DUI charge and not less than one nor more than five years of incarceration for the third or subsequent offense domestic battery charge based upon the "totality of the circumstances," further noting that this was petitioner's third conviction for driving while revoked for DUI and that he was "going to kill somebody." Petitioner's sentences were memorialized in the circuit court's August 24, 2018, sentencing order, and it is from this order that he appeals.

This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W. Va. 231, 565 S.E.2d 353 (2002). We have also held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review."[1] Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

On appeal, petitioner argues that the circuit court committed plain error by considering petitioner's Facebook pages at sentencing. According to petitioner, the Facebook pages were impermissibly considered as they were outside the purview of Rule 32 of the West Virginia Rules of Criminal Procedure. Petitioner contends that Rule 32(b) does not permit a circuit court to consider anything beyond the presentence investigation conducted by a probation officer.[2]

---

[1]It is undisputed that petitioner's sentences were within statutory limits.

[2]In relevant part, Rule 32(b)(1) sets forth that

(continued . . .)

Petitioner claims that the circuit court's comment that it was sentencing petitioner based upon the totality of the circumstances meant that the Facebook pages were included in its consideration, and that his rights were substantially affected because the circuit court ordered his sentences to run consecutively rather than concurrently. Lastly, petitioner argues that the fairness of the sentencing hearing was seriously affected because he was not able to "cross-examine" the court regarding the Facebook pages. Based on the foregoing, petitioner concludes that the circuit court committed plain error and that his sentences should be vacated.

Because petitioner's counsel did not object to the circuit court's references to petitioner's Facebook pages below, his counsel relies upon a plain error analysis. This Court has long held that the "'plain error' doctrine grants appellate courts, in the interest of justice, the authority to notice error to which no objection has been made." *State v. Miller*, 194 W. Va. 3, 18, 459 S.E.2d 114, 129 (1995). "To trigger [the] application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 6, 459 S.E.2d at 117, syl. pt. 7.

We find no merit to petitioner's claim that the circuit court committed plain error in reviewing petitioner's Facebook pages in preparation for his sentencing hearing. Petitioner's reliance upon Rule 32 of the West Virginia Rules of Criminal Procedure is misplaced. Although this rule sets forth when a probation officer shall prepare a presentence investigation report and what the contents of the report should be,[3] it in no way can be construed to mean that the circuit

---

(b) Presentence Investigation and Report.

(1) When Made. The probation officer shall make a presentence investigation and submit a report to the court before the sentence is imposed, unless:

(A) the defendant waives a presentence investigation and report;

(B) the court finds that the information in the record enables it to meaningfully exercise its sentencing authority; and

(C) the court explains on the record its finding that the information in the record enables it to meaningfully exercise its sentencing authority.

Petitioner concedes that the circuit court "could, and maybe even should, have directed the [c]ourt's probation officer to review any [Facebook] pages."

[3]Rule 32(b)(4) provides that the presentence report must contain

(A) information about the defendant's history and characteristics, including information concerning the defendant's court and criminal record, occupation, family background, education, habits and associations, mental and physical condition, the names, relationships, ages and condition of those dependent upon

(continued . . .)

court may only consider the presentence investigation report. To the contrary, we have previously noted that

> [a]s a general matter, "[t]he rules of evidence . . . do not strictly apply at sentencing hearings." *State v. Combs*, No. CA2000–03–047, 2005 WL 941133, at *2 (Ohio Ct.App.2005). . . . Moreover, "[a] trial court has wide discretion in the sources and types of evidence used in determining the kind and extent of punishment to be imposed. And a sentencing court is not restricted by the federal constitution to the information received in open court." *Elswick v. Holland*, 623 F.Supp. 498, 504 (S.D.W.Va.1985) (citations omitted).

*State ex rel. Dunlap v. McBride*, 225 W. Va. 192, 202, 691 S.E.2d 183, 193 (2010). Accordingly, petitioner's claim that the circuit court was limited to only considering the presentence investigation report at sentencing is without merit.

We conclude that no error occurred. Contrary to petitioner's claim that the circuit court considered the Facebook posts under the "totality of the circumstances," the circuit court clearly stated "I'm not sentencing you based on these [Facebook posts]. I wanted to see who you are and who you portrayed yourself to be." Moreover, the record is rife with examples of the permissible factors considered by the circuit court in sentencing petitioner. Petitioner noted his nearly twenty-year battle with alcohol abuse and his mere two attempts to address these issues. Further, the State presented petitioner's eleven-page criminal history, including eight to ten misdemeanors and at least two prior felonies. The State also advised the court of petitioner's blood alcohol content at the time of his arrests for two of the underlying charges, which was very high on both occasions. In considering an appropriate sentence, the circuit court opined "[y]ou've got an 11-page Triple I. Apparently whatever any other judge or magistrate . . . has done hasn't been enough to specifically deter you from anything."[4] The circuit court also noted

---

> the defendant for support and any circumstances that, because they affect the defendant's behavior, may be helpful in imposing sentence, determining the propriety and conditions of release on probation, or determining correctional treatment;

> (B) a victim impact statement, pursuant to Chapter 61, Article 11A, Section 3 of the West Virginia Code of 1931, as amended, unless the court orders otherwise, if the defendant, in committing a felony or misdemeanor, caused physical, psychological or economic injury or death of the victim; and

> (C) any other information required by the court.

[4]The Interstate Identification Index, or "Triple I," is "an index-pointer system that allows for the exchange of criminal history records ('rap sheets'). The [Triple I] stores the criminal history records of Federal offenders and those offenders submitted by participating and

(continued . . .)

that petitioner was "going to kill somebody," given his continued driving under the influence of alcohol. Based upon the totality of these circumstances, the circuit court sentenced petitioner to an effective two-to-eight-year sentence, which was within statutory limits. To the extent that petitioner argues that his sentences should have been ordered to run concurrently rather than consecutively, we note that

> """[w]hen a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively." Syllabus point 3, *Keith v. Leverette*, 163 W.Va. 98, 254 S.E.2d 700 (1979).' Syllabus Point 3, *State v. Allen*, 208 W.Va. 144, 539 S.E.2d 87 (1999)." Syl. Pt. 7, *State ex rel. Farmer v. McBride*, 224 W.Va. 469, 686 S.E.2d 609 (2009).

Syl. Pt. 4, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016). As such, it was entirely within the circuit court's discretion to order that petitioner's sentences run consecutively. We find no error given the circuit court's clear comment that it was not sentencing petitioner based upon the Facebook posts and the strength of the factors actually relied upon by the court in sentencing petitioner.

Because we find no error, we need not address the remaining factors of the plain error doctrine analysis. Nevertheless, even assuming for the sake of argument that there was an error that was plain and affected his substantial rights, petitioner's claims still fail as he fails to prove that the circuit court's consideration of his Facebook pages "seriously affect[ed] the fairness, integrity, or public reputation of the judicial proceedings." Here, petitioner conceded that he was given an opportunity to address the circuit court's questions regarding his Facebook pages, including the ability to deny that he authored the posts. Further, petitioner concedes that the circuit court could have, and "maybe should have," directed the probation officer to look at petitioner's Facebook pages to determine whether that information warranted inclusion in the presentence investigation report, *see* n. 2, which clearly was within the court's consideration. Lastly, as noted above, there were significant factors apart from petitioner's Facebook posts which supported his sentence. Accordingly, if any error occurred, we find it to be harmless.

For the foregoing reasons, the circuit court's August 24, 2018, sentencing order is hereby affirmed.

Affirmed.

---

non‑participating [Triple I] States." Privacy Impact Assessment for the Fingerprint Identification Records System (FIRS) Integrated Automated Fingerprint Identification System (IAFIS) Outsourcing for Noncriminal Justice Purposes - Channeling, https://www.fbi.gov/services/information-management/foipa/privacy-impact-assessments/firs-iafis (last visited September 30, 2019).

**ISSUED:**  January 17, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison